### ALBERT LEMMONS v. THE STATE.

#### No. 419. Decided February 9, 1910.

**1.—Seduction—Charge of Court—Accomplice Testimony.**

Upon trial of seduction, where the court, in submitting his charge on accomplice testimony, failed to instruct the jury that they must find that the testimony of the accomplice was true, and that the corroboration was not sufficient if it merely showed the commission of the offense, the same was reversible error.

**2.—Same—Consent—Charge of Court.**

. In seduction, where the issue of consent was involved, the court should have submitted a proper charge.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of seduction; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. G. Matthews* and *Looney & Clarke,* for appellant.—On question of accomplice testimony: Taylor v. State, 106 S. W. Rep., 366; Lee v. State, 54 Texas Crim. Rep., 382, 113 S. W. Rep., 301; Spenrath v. State, 48 S. W. Rep., 192.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Hunt County, on November 18 of last year, on a charge of seduction and his punishment assessed at ten years confinement in the penitentiary.

1. On the question of accomplice the court thus instructed the jury: "In seduction the female seduced is an accomplice of the male offender, and on trial of a person charged with seduction no conviction can be had upon the testimony of the female alleged to have been seduced, unless the same is corroborated by other evidence tending

to connect the defendant with the offense charged, and such corroborating evidence must be sufficient to satisfy the jury beyond a reasonable doubt of the truth of the evidence of the female alleged to have been seduced." It is objected that this charge is upon the weight of the testimony and assumes that seduction was committed; that it was erroneous in that it nowhere instructed the jury that they must find that the testimony of the accomplice was true; and further, that it was deficient in that it does not instruct the jury that the corroboration is not sufficient if it merely shows the commission of the offense. Under all the authorities this charge is erroneous and for such error the case must be reversed. In the recent case of Campbell v. State, recently decided, a charge similar to this was condemned and in that case we laid down in haec verba a correct charge on this subject. We think further, in this case, in view of the fact that the intercourse was admitted and that it was contended and testified by appellant that same was with the consent of the prosecuting witness that this issue should have been affirmatively presented.

Many of the other questions raised on the appeal relate to mere matters of procedure and are not likely to occur on another trial. We have examined the record carefully and we think there was no error in respect to the other matters urged, but for the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.