. ROBY J. EILAND v. THE STATE.

No. 6475. Decided October 25, 1922.

**1.—Seduction—Allusion to Defendant's Faiure to Testify.**

Where, upon trial of seduction, the attorney for the State, during the closing argument, placed defendant's photograph, which was in evidence, upon a desk in front of the jury, and ostensibly addressing the picture, said: "Oh, Roby, why did you seduce this poor little girl," etc., "why ain't you man enough to give the jury all the facts," etc., defendant not testifying, same was reversible error, as the inhibition of the statute is positive and the effect of its violation the same, whether the comment be direct or by subterfuge.

**2.—Same—Misconduct of Jury.**

Where the foreman of the jury, each time when the fact was referred to as to defendant's failure to testify, admonished them that they were forbidden to discuss this matter, and as presented the court would hesitate to reverse for this alone, yet it tends to show that the improper argument of State's counsel had found lodgment in the jury's mind, etc.

**3.—Same—Evidence—Shirking Military Duty.**

Counsel for the State should not have been permitted to prove the condition of defendant's health, intimating in the presence of the jury, that he was shirking military duty, and again alluded to it in his argument.

Appeal from the District Court of Reeves. Tried below before the Honorable Charles Gibbs.

Appeal from a conviction of seduction; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham, H. G. Russell,* and *Ben Palmer,* for appellant.

On question of defendant's failure to testify, Miller v. State, 45 Texas Crim. Rep., 517; Hunt v. State, 28 Texas Crim. App., 149;

Wilkins v. State, 33 Texas Crim. Rep., 321; Hawkins v. State, 39 id., 261; Anglin v. State, 47 id., 110; Martinez v. State, 48 id., 35; Vaden v. State, 52 id., 301.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for seduction, punishment having been fixed at five years in the penitentiary.

Several questions are presented in the record, only two of which have been briefed by appellant's attorneys, and to those our discussion will be directed.

The young lady alleged to have been seduced testified in detail as to the promise of marriage and acts of intercourse. All of these things occurred at times and places when no one could possibly have known the facts save her and appellant. He did not testify. The State had introduced in evidence his photograph. During the closing argument the attorney for the State placed this photograph upon a desk in front of the jury, and ostensibly addressing the picture, said: ''O. Roby (which is appellant's name) why did you seduce this poor little girl in October, 1918? Why *ain't* you man enough to give the jury all the facts, that they may know the full truth about this matter? Why did you seduce this girl at the time when her brother was fighting the battles of his country in France, you at that time were here making indecent proposals to her and seducing her? Why don't you answer these facts? You don't answer.'' The argument was objected to as being a comment upon the failure of appellant to testify. The trial court sustained the objection, and charged the jury in writing to disregard the argument.

It is indeed to be deplored that prosecuting officers in their zeal will continue to ignore the positive provision of Article 790, C. C. P. that a failure of a defendant to testify ''shall not be alluded to or commented on by counsel.'' The inhibition is positive, and the effect of its violation the same whether the comment be direct or by a subterfuge. The trial judge did right in directing the jury not to consider the argument, but he should have gone further and promptly granted a new trial because of its use. As long as the statute remains in its present form we must perforce reverse where its terms are deliberately overridden. (Many authorities will be found collated under Note 29, page 716, Vol. 2, Vernon's C. P., and Sec. 375, Branch's Ann. P. C.)

While the jury was deliberating upon the case the fact that appellant had failed to testify was referred to several times. The foreman of the jury each time admonished them that under the court's charge that was a matter they were forbidden to discuss. As presented we would hesitate to reverse for this alone, but it tends to

show that the improper argument had found lodgment in the jury's mind, and was working to appellant's detriment.

We advert to another matter in order that it may not occur again. Counsel for the State sought to prove the condition of appellant's health, intimating in the presence of the jury that he was shirking military duty, and although objection was sustained, he again alluded to it in the argument. This was manifestly unfair. Prosecuting officers should know that in cases involving charges of the character here under investigation the feelings of jurors are ordinarily and naturally not in sympathy with accused, and should refrain from any act or reference calculated to arouse prejudice, thereby jeopardizing the conviction if one should be secured.

For the reasons stated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

[This case reached the hands of the reporter in October, 1923. Reporter.]