HAWKINS, Judge.
 

 Conviction is
 
 for
 
 the unlawful manufacture of intoxicating liquor with punishment fixed at one year in the penitentiary.
 

 The officers had received information of the location of a still. They found it and described in detail the apparatus. They also found several barrels of mash, one ready to be “run”. There were also some fruit jars, one partly full of whiskey. The still showed evidence of having been used theretofore. Shortly after the officers secreted themselves appellant appeared carrying fifty pounds of sugar and an axe which articles he placed on the ground near the still. About this time the officers made their presence known. One of them testifying that immediately upon discovering them .appellant said if “I would let him go he would never do it any more.” Another officer testified that his language was “if you will turn me loose on this I will swear I will never make another drop as long as I live.
 

 Objection was urged to the reception in evidence of the statements made to the officers on the ground that appellant was under arrest at the time. Regardless of being under arrest the statements were admissible as res gestae. Broz v. State, 93 Texas Crim. Rep. 137, 245 S. W. 707; Boortz v. State, 95 Texas Crim. Rep. 479, 255 S. W. 434; Rayburn v. State, 95 Texas Crim. Rep. 555, 255 S. W. 436.
 

 While counsel for the state was addressing the jury he used this language: “They have not offered a word of evidence from any witness to prove his innocence.” Complaint is made that this was a reference to the fact that appellant had not testified. Immediately upon objection being made the learned trial judge instructed the jury not to consider the argument for any purpose. The defendant did not testify and offered no witnesses in his behalf. There is not a suggestion in the record that there was a witness in existence who could explain the presence of appellant at the still and his apparent
 
 *486
 
 purpose there other than himself. This brings the ease within the principle announced in Boone v. State, 90 Texas Crim. Rep. 374, 235 S. W. 580, in which the statement is made that to come within the prohibition against an allusion to the failure of the defendant to testify the implication from the language must be a necessary one, one that could not reasonably be applied to his failure to produce other testimony than his own. The rule thus stated is exemplified in Scarbrough v. State; 263 S. W. 917, and in other cases referred to in that opinion. Article 790, C. C. P. gives the defendant the right to testify in his own behalf in any criminal cause, but if he does not it forbids allusion thereto or comments thereon to he made by counsel. The result of a violation of this statute in argument is well known. A statute operating for the benefit of accused is entitled to the same respect as one for the benefit of the state, and there is no way to enforce respect for and obedience to it other than to reverse a judgment of conviction which follows a violation of this plain mandatory provision of the law. Notwithstanding the many judgments this court has been called upon to reverse by reason of counsel ignoring the statute under consideration the Legislature up to the present time has not seen proper to modify or repeal it. We think it not out of place to suggest that in cases like this where a defendant has not testified himself nor offered any defensive testimony whatever it would be well for counsel representing the state to confine himself to a discussion of the evidence introduced by the state, and not allude to defendant’s failure to produce evidence unless it is apparent from the record that evidence other than his own was available which he neglected to bring before the jury.
 

 A deputy sheriff of Liberty County was permitted to testify over appellant’s objection that some six months prior to the date of the offense being tried he had seen appellant in another county with whiskey in his possession, and saw him deliver some to another party. There is no evidence in the record which indicates that the still in question .was in operation at the time of the transaction testified to by the deputy sheriff. Under the circumstances we think the incident was too remote, not bought within any of the exceptions permitting proof of other offenses, and should be excluded upon another trial under the same state of facts. Johnson v. State, 266 S. W. 155.
 

 For the errors committed the judgment is reversed and the cause remanded.
 

 Reversed and remanded.