R. E. GRIMES v. THE STATE.

No. 8737.    Delivered April 22, 1925.

**Rape—Argument of Counsel—Reversible Error.**

Where on a trial for rape, the appellant being the only person who could deny the charges of the prosecutrix, and he does not testify, it is reversible error for counsel for the State to tell the jury that the testimony of

the prosecutrix was not .denied by any one, such argument is *held* to be a direct comment on the failure of appellant to testify in his own behalf. Following Boone v. State, 90 Tex. Crim. Rep. and cases there cited.

Appeal from the District Court of Montague County. Tried below before the Hon. Paul Donalds, Judge.

Appeal from a conviction for rape; penalty, five years in the penitentiary.

The opinion states the case.

*Latham,* of . Bowie, for appellant.

*Tom Garrard,* State's Attorney and *Grover C. Morris* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of five years.

The indictment was based upon that phase of the statute which charges an offense to have been committed upon a female under eighteen years of age.

According to Viola Long, the subject of the alleged rape, she became fifteen years of age on the 21st day of May, 1923. The first act of intercourse with the appellant occurred about the first of September, 1923. She claims that the act took place against her wishes. She also testified on cross-examination that the appellant caught her in the act of intercourse with one, John, Caddle, that this was after she had had intercourse with the appellant. She made no report of the first act. The reason she did not complain was "because she did not want to do so; she would not have complained at all had she not become offended at the appellant because he disclosed the fact that he had caught her in the act of intercourse with Caddle." The witness Caddle testified that he had acts of intercourse with the prosecutrix, and was uncertain about the date of the beginning of his acquaintance with her.

Appellant did not testify. Counsel for the State, in the course of his argument, made remarks on several occasions, of which complaint is made. One of the remarks was:

"That no witness had testified that what Viola Long had said about being raped was not denied by any one."

In another remark, counsel said to the jury:

"That they should accept the testimony of the prosecuting witness. Viola Long, as being true that the defendant, R. E. Grimes, had the act of intercourse, because the defendant produced no witnesses that the same or any part of her statements in which she testified that she met the defendant down in a ditch some two or three

hundred yards off of her road and that she there had an act of intercourse with said defendant, and that the jury should believe the same because it stood uncontradicted and uncontroverted, and that her testimony was bound to be true.''

Counsel further remarked to the jury:

''That they were bound to accept the statements of the prosecuting witness, Viola Long, as to her having been raped by the defendant as being true, because no witness had been produced by the defendant testifying that the same was not true; that none of the defendant's witnesses had contradicted the same in anyway, therefore it must be true.''

The evidence is conclusive that there was no witness who could have controverted the direct statements of the prosecutrix except the appellant. The defensive evidence introduced by him was his effort by cross-examination to discredit the prosecutrix. In the cross-examination she stated that she would not have reported the offense had she not got angry at the appellant because he had caught her in the act of intercourse with Caddle; that she had had intercourse with him a number of times since the act with the appellant. The testimony of Caddle tended to show that his friendly relations with the prosecutrix began at about the same date as the act which she imputed to the appellant.

It is the view of State's counsel before this court that the remarks quoted were violative of the statute which forbids the consideration of the failure of the accused to testify against him, or the comment on it by the attorney for the prosecution. In this view we concur. See Boone v. State, 90 Texas Crim. Rep. 374, and cases there cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*