## CLESTEL HOWARD V. THE STATE.

### No. 11268.   Delivered December 21, 1927.

**1. — Seduction — Charge of Court — On Accomplice Testimony — Held Erroneous.**

Where the court's charge on accomplice testimony failed to instruct the jury that they must believe such testimony to be true, and that it established appellant's guilt, the omission of the words "to be true" constituted reversible error, and it has so been held in the case of Garlas v. State, 48 Tex. Crim. Rep. 449, and other cases cited.

**2.—Same — Argument of Counsel — Reference to Defendant's Failure to Testify—Error.**

Where, on a trial for seduction, the state's evidence disclosed two acts of intercourse by appellant with prosecutrix, testified to by her, and that no other person knew, or could have known of such acts, the appellant not having testified, it was error for state's counsel in his argument to say "Her evidence has not been denied by any witness on the stand," the appellant being the only person who could have denied it, the remark must be regarded as a reference to his failure to testify, and calls for the reversal of the judgment.   See Moon v. State, 91 Tex. Crim. Rep., and other cases cited.

Appeal from the District Court of Upshur County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for seduction, penalty two years in the penitentiary.

The opinion states the case.

*Florence & Florence* of Gilmer, for appellant.   On erroneous charge on corroboration of accomplice, appellant cites:   James v. State, 161 S. W. 472; Campbell v. State, 123 S. W. 583; Garlas v. State, 88 S. W. 345, and Lemmons v. State, 125 S. W. 400. And on improper argument, appellant cites:   Adams v. State, 219 S. W. 461; Adams v. State, 85 S. W. 1144; Washington v. State, 77 S. W. 810; Shaw v. State, 123 S. W. 691; Wallace v. State, 81 S. W. 961; Vickers v. State, 154 S. W. 578; Lankford v. State, 222 S. W. 567; Moon v. State, 237 S. W. 938, and Flores v. State, 129 S. W. 1111.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for seduction, punishment being assessed at two years in the penitentiary.

The third paragraph of the court's charge reads as follows:

"3.   Our law provides that no conviction can be had upon the testimony of the prosecutrix or female alleged to have been

seduced, unless her testimony is corroborated by other evidence tending to connect the defendant with the offense charged. Two things are necessary to constitute this offense, viz.: carnal knowledge of the female and the promise of marriage upon the part of the defendant to obtain such carnal knowledge; and the corroboration referred to must be as to both the promise of marriage and the act of carnal intercourse."

Timely written objection was made to said instruction upon the ground that the court did not inform the jury that conviction could not be had upon the evidence of the prosecutrix unless the jury first believed her testimony *to be true,* and showed appellant's guilt, and even then that a conviction could not follow unless her testimony had been corroborated. Further objection was urged that the charge as given assumed that prosecutrix's evidence was true. There was no amplification of the instruction upon the points criticized. Charges almost in the precise language employed in the present case have been condemned as subject to the objections urged in Garlas v. State, 48 Tex. Crim. Rep. 449, 88 S. W. 345; James v. State, 72 Tex. Crim. Rep. 155, 161 S. W. 472; Lemmons v. State, 58 Tex. Crim. Rep. 269, 125 S. W. 400.

Prosecutrix had testified that two acts of intercourse had taken place between herself and appellant; that one occurred at night on the road between her home and that of appellant's father and the other transpired a few nights later in her own home. No one was present on these occasions but appellant and prosecutrix. Appellant did not testify. A bill is brought forward in which complaint is made that the District Attorney in his argument after reciting the foregoing evidence of the prosecutrix, said: "Her evidence has not been denied by any witness on the stand." Objection was promptly urged that the remark was an illusion to appellant's failure to testify. When the objection was interposed, the District Attorney said "He had no reference to defendant." The court was requested to instruct the jury that the argument complained of was improper. The request was refused. By the testimony of prosecutrix she and appellant were the only two people who knew of the transactions related. Appellant alone could have denied it. To come within Art. 710, C. C. P. (1925), which inhibits allusion by counsel to the failure of defendant to testify, it has been held that it must be such an allusion that cannot be reasonably applied to the failure of accused to produce other evidence than his own. Boone v. State, 90 Tex. Crim. Rep. 374, 235 S. W. 580.

The argument complained of seems to fall within the rule announced. Moore v. State, 91 Tex. Crim. Rep. 100, 237 S. W. 938, and cases therein cited. Also see Adams v. State, 87 Tex. Crim. Rep. 67, 219 S. W. 460; Scarbrough v. State, 98 Tex. Crim. Rep. 54, 263 S. W. 917; Gothard v. State, 99 Tex. Crim. Rep. 452, 270 S. W. 177; Grimes v. State, 100 Tex. Crim. Rep. 34, 271 S. W. 898.

The court should have given the instruction requested to correct, if he could, the error which had been committed by the District Attorney in such argument.

It is urged that the evidence is insufficient to furnish necessary corroboration as to the act of intercourse upon which the prosecution is predicated. It becoming necessary to reverse the judgment for the errors already discussed we pretermit discussion of the testimony, but suggest that upon the point urged there is a dearth of evidence which would present a serious question unless it is in some way supplemented upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*