## JIM GANN v. THE STATE.

No. 11256.   Delivered May 2, 1928.

Rehearing denied May 30, 1928.

**1.—Possessing Intoxicating Liquor—Bill of Exception—Insufficient—Presents No Error.**

Where a transcript on appeal contains what is denominated "Bills of Exceptions Nos. 1 to 9, Inclusive," which sets out verbatim the motion for a new trial which contains nine paragraphs, and which appears to have been approved as a bill of exception, such practice is not permissible. No one of said paragraphs sets out the requisites of a bill of exception, nor are any of them in form sufficient to amount to a bill of exception. ·

**2.—Same—Continued.**

This court has uniformly held that a bill of exception reserved to the overruling of a motion for a new trial, which solely complains of the various objections and exceptions taken during the trial, will not be sufficient to bring anything before us for review.

**3.—Same—Evidence—Possession of Liquor—When Established.**

It is not necessary to guilt that the liquor be found on premises owned by the accused. It is not the possession of the premises that shows guilt, but it is the possession of the liquor itself. One might have any quantity of liquor over the line of his land, and on the premises of another, and if a plain path, as was shown in this case, leading from his house to where the liquor is found, is proven, and the evidence be such as to satisfy the jury that the liquor is in his possession, the question of the land line would not be material.

### ON REHEARING.

**4.—Same—Evidence—Complaints of Admission Must Be Reserved in Bill of Exception.**

On rehearing, appellant renews his complaints of the reception of certain evidence, but such complaints are not brought forward by proper bills. By an unbroken line of authority such complaints cannot be preserved in a motion for a new trial. See Owens v. State, 4 Tex. Crim. App. 153, and other cases cited in opinion on rehearing.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Tom F. Coleman* of Lufkin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

A group of officers seem to have gone to appellant's house at a time when no one was there. If we understand the record, the officers had a search warrant, the contents of which do not appear in the record and no attack upon which seems to have been made. There appears in the transcript what is denominated "Bills of Exception Nos. 1 to 9, Inclusive." Examining same, it appears to set out verbatim the motion for new trial, which contains nine paragraphs. This seems to be approved as a bill of exceptions. We do not understand that such practice is permissible. No one of said paragraphs sets out the requisites of a bill of exceptions, nor are any of them in form sufficient to amount to a bill of exceptions. This court has uniformly held that a bill of exceptions reserved to the overruling of a motion for new trial, which merely complains of the various objections and exceptions taken during the trial, will not be sufficient to bring anything before us for review.

There is another bill of exceptions which sets out at length that the court erred in permitting the sheriff to testify that he found beer on the premises of appellant, because the sheriff did not know where the appellant's land line was, and the accused would not be bound by any land line erroneously pointed out to said sheriff by a third party; and said bill proceeds to set out that the beer found by the sheriff was not on appellant's premises but was ten or fifteen feet off his land on another man's land, and setting out further that the jury would not have convicted appellant but for the testimony of the sheriff that beer was found on appellant's premises, and setting out that defendant had requested said sheriff to point out the place where he found the beer and that he refused to do so. This document also sets out that the court erred in permitting the sheriff and two other parties to testify about the finding of some liquor in the woods some distance from appellant's premises, alleging that the circumstance of finding such liquor was highly prejudicial to appellant and led the jury to believe that he was dealing in liquor when in fact appellant knew nothing about the liquor. This bill of exceptions also seems to present a part of the motion for new trial, and in connection with same there is a transcript of evidence heard by the court on the matters contained in said part of the motion. From the statement of facts we learn that when the officers went to appellant's house, they found several well-beaten paths leading from the house out into the bushes,

and, following one of same, they found two crates containing beer, and following another path a two-gallon jug of whiskey was found by the side of the path in a hollow stump. The sheriff testified that according to a line that was shown him by a Mr. Tiller, the beer was on appellant's land, but that he knew nothing further about it than this. No bill of exceptions appears to be reserved to the testimony of the sheriff in this regard. Tiller was introduced as a witness on behalf of the defendant and he testified that the place where the beer was found by the officers was some twenty or twenty-five feet off of appellant's land. We confess that we do not quite see the materiality of the matter, even if the complaint was here in proper shape. It is not necessary to guilt that the liquor be found on premises owned by the accused. It is not the possession of the premises that shows guilt; it is the possession of the liquor itself. One might have any quantity of liquor over the line of his land, and on the premises of another, and if a plain path leading from his house to where the liquor is found, and the evidence be such as to satisfy the jury that the liquor is in his possession, the question of the land line would cut little figure.

Being unable to agree with any contention made by appellant, and being of opinion that the record reflects a fair trial, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again complains at the reception of certain evidence. If exception was reserved to the court's ruling upon such matters during the trial the complaint is not brought forward by proper bills. Apparently appellant sought to preserve the point by complaint in his motion for new trial. By an unbroken line of authority this cannot be done. Owens v. State, 4 Tex. Crim. App. 153; Herchenback v. State, 34 Tex. Crim. Rep., 122; Brazill v. State, 63 S. W. 130; McCasland v. State, 70 S. W. 547; Janca v. State, 56 Tex. Crim. Rep. 100; Ellis v. State, 57 Tex. Crim. Rep. 601; Davis v. State, 154 S. W. 226; Ward v. State, 159 S. W. 273, in which a long list of additional authorities are collated. Later Cases to the same effect are Boone v. State, 90 Tex. Crim. Rep. 374, 235 S. W. 580; Howard v. State, 1 S. W. (2d) 289; Cuellar v. State, (No. 11910, opinion this date.)

The motion for rehearing is overruled.          *Overruled.*