## ED WOOD v. THE STATE.

No. 13347. Delivered May 14, 1930.
Reported in 28 S. W. (2d) 139.

The opinion states the case.

*W. H. Tolbert* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Officers saw appellant take from the turtle-back of his car a package and deliver it to another party. Upon examination of appellant's car sixty-nine and a half gallons of whisky in half-gallon fruit jars were found. Appellant did not testify and offered no evidence whatever. The district attorney in argument said, "It has not been contradicted that he (appellant) had it for sale," meaning the whisky. This argument was objected to as being a reference to the failure of appellant to testify. In the bill bringing the matter forward for review the trial judge not only certifies that appellant did not testify, but also certified as a fact "that there was no one by whom defendant could show he did not have same for sale except himself." Under repeated decisions of this court we have been compelled to reverse because such argument was in the face of Art. 710 C. C. P. which expressly prohibits counsel from alluding to or commenting on a defendant's failure to testify. Scarbrough v. State, 98 Tex. Cr. R. 54, 263 S. W. 917; Moore v. State, 91 Tex. Cr. R. 100, 237 S. W. 938; Eiland v. State, 95 Tex. Cr. R. 525, 244 S. W. 528; Singleton v. State, 93 Tex. Cr. R. 109, 245 S. W. 922; Grimes v. State, 100 Tex. Cr. R. 34, 271 S. W. 898; Durham v. State, 106 Tex. Cr. R. 85, 290 S. W. 1092. If the trial judges would promptly grant new trials where the mandatory provisions of Art. 710 C. C. P. have been violated it would more effectively prevent a recurrence of the error, and obviate delays incident to appeals which must necessarily result in a reversal as long as said article remains unchanged by the law-making department of the government. Hoping some district attorney may be prevented from committing a similar error we again patiently quote what was said on the subject in Gothard v. State, 99 Tex. Cr. R. 452, 270 S. W. 177.

"Notwithstanding the many judgments this court has been called upon to reverse by reason of counsel ignoring the statute under

consideration, the Legislature up to the present time has not seen proper to modify or repeal it. We think it not out of place to suggest that in cases like this where a defendant has not testified himself nor offered any defensive testimony whatever it would be well for counsel representing the state to confine himself to a discussion of the evidence introduced by the state, and not allude to defendant's failure to produce evidence, unless it is apparent from the record that evidence other than his own was available which he neglected to bring before the jury."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*