C. G. THORNTON v. THE STATE.

No. 14007. Delivered June 26, 1931.

The opinion states the case.

*Butler, Price & Maynor,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Upon information received officers went to a point in the woods on a branch about one-half or three-quarters of a mile from appellant's house at night and there saw several parties engaged in the manufacture of whisky. Some shots were fired by the parties at the still, and the officers closed in upon them, capturing one old man named Hawkman, but the others escaped. There were barrels of mash, a steel drum or barrel making whisky over a fire, and several gallons of the finished product. The officers started at once to appellant's house. On their way they found tracks in a field leading to appellant's house. As they approached the house they saw a light which went out before they got to same. This was after midnight. They found appellant awake, and an examination of his clothes showed that both his outer and under garments were wet and muddy, as were his shoes. The clothes of his grown son, who was in the same house, were much in the same condition.

We have no doubt of the admissibility of the testimony of the witness Jeffus to the effect that Hawkman said,—in the presence and hearing of appellant, and at a place down in the woods on a branch where

there were various wooden and iron barrels,—"We are going to make some whisky." The court charged on the law of principals. That there were no other persons present except appellant, Hawkman and the witness, appears. What was said by Hawkman in the presence and hearing of appellant was sufficient to call for a denial by him, and in the absence of a denial might be binding upon him.

The indictment in this case contained four counts, one charging possession for the purpose of sale of intoxicating liquors. During the trial the state introduced the testimony of several witnesses who testified that at different times during three years next prior to the return of the indictment herein they had obtained from appellant intoxicating liquor. None of this testimony tended to show that the obtaining of this liquor was near either in time or place to the transaction involved in the raid of the officers. At the close of the testimony the state was asked to elect and did elect to prosecute upon the charge of manufacturing intoxicating liquor. Thereupon appellant moved the court to exclude from the jury all testimony relative to sales of such liquor, which motions were refused, and the refusal brought forward by proper bills of exception. We are inclined to think, upon the facts in this case, that the action of the trial judge in this matter was erroneous. See Gothard v. State, 99 Texas Crim. Rep., 452; Johnson v. State, 266 S. W., 155. Unless the separate transactions testified to by the witnesses who claimed to have bought and otherwise obtained liquor from appellant, were close enough within themselves to shed some legitimate light upon the question as to his manufacture of the intoxicating liquor found by the officers at the time of their raid, it would seem but fair to at least withdraw from the jury as far as could be done by striking out such evidence, all testimony regarding the sales of liquor at other times and places not shown to be reasonably near the alleged manufacture. The defense of appellant was that of an alibi, he claiming that on the night in question and for some days prior thereto he had been confined to his house and bed by illness, and that he was not down at the still on the night of the raid. In this he was corroborated by his wife and son and another witness. We are not able to appraise the possible evil effect upon appellant's case by leaving with the jury for their consideration and discussion his commission of separate, independent felonies involved in the sales testified to by said witnesses. Same might have been of sufficient weight to have turned the scales against him in their consideration of his defense of abili. No witness could identify appellant at the still on the night of the raid.

There is complaint in another bill of exception of the refusal of the court to allow a witness for the state to answer a question as to whether he knew his own general reputation for truth and veracity in the community in which he lived. The bill shows that the state's objection to this question was sustained. The bill does not sufficiently show what

would have been the answer of the witness if he had been permitted to answer. We think in a case where a question such as this is asked, and if there be any probability that the witness might himself for some reason or purpose be willing to testify that his own general reputation in the community is bad, it would be well for the bill to show that the jury were retired and the matter investigated before the court. The question is somewhat novel, and the injurious effect to the cause of appellant would appear to be very slight from the refusal of the court to permit such practice, but the above is said in view of a reversal of the judgment and in the event such question be asked upon another trial.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*