JERRY KENNINGTON v. THE STATE.

No. 14892.  Delivered April 6, 1932.
Rehearing Denied May 18, 1932.

The opinion states the case.

*O. H. Atchley,* of New Boston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts are amply sufficient to support the conviction. The record contains one bill of exception, and it complains of argument of the district attorney. In his closing argument said attorney stated: "Of course, you cannot criticise Mrs. Batson's testimony, neither Mr. Batson's testimony, because there is not a line of testimony to contradict it." This was objected to as an allusion to the failure of appellant to testify. This bill is qualified, the qualification containing the following statement: "The court certifies to the facts stated in this bill only wherein they are consistent with the following:" and the court then proceeds to say that: "Attorney for the defendant had argued to the jury that the facts and circumstances in evidence were not sufficient to justify them in finding beyond a reasonable doubt if defendant possessed the whisky on the occasion in question, that he possessed it for the purpose of sale; that he (attorney for defendant) had no criticism to make of Mrs. and Mr. Batson's testimony that they saw defendant with the whisky on the occasion in question, but that their testimony that they saw him with the whisky and saw him deposit it in the weeds near their garage did not prove that he had it for the purpose of sale, but that such testimony was just as consistent with the theory that defendant put the whisky there on the occasion in question for the purpose of coming back and drinking it later, as it was that he had it for the purpose of sale."

The court further certifies that the district attorney in discussing this issue in his closing argument stated to the jury,—after summing up the other facts and circumstances in evidence on this issue, and calling the jury's attention to the testimony of the Batsons that on other occasions when they had seen defendant deposit whisky at or near the place in question, they would later see persons or some person visit the place and act as if they were picking up something,—"Of course, you cannot criticise Mrs. Batson's testimony, neither Mr. Batson's testimony, because there is not a line of testimony to contradict it," and in this connection the court further states that after appellant's attorney had arisen and made his objection to the argument as calling attention to the failure of defendant to testify, the district attorney then proceeded to finish the statement he was making, saying, in substance, that not only was such testimony of said witnesses consistent with, but that all the other facts and circumstances were consistent with and establish the claim of the

state that appellant had the whisky on the occasion in question for the purpose of sale, and deposited it there in the weeds for his customers to later come and get it. There are no such facts certified to by the court in this bill of exception as that there were no other persons who could testify to facts given in evidence by the Batsons save and except appellant. In fact the contrary is true. The Batsons testified to seeing appellant put whisky in weeds and grass near their garage on many occasions, and that they had seen persons come later to such points and get the whisky. Officer Rochelle testified to seeing appellant take something out of his pocket and hide it down in the grass near the Batsons' garage, and that he then mashed down the grass and the weeds around it with his feet.

Mrs. Batson testified that she saw appellant go to a place near their garage and stoop down and hide some whisky; that she had been seeing him do this kind of thing for two months, and that usually in a short time after he had done this some other person or persons would come and stop there and she could tell they were getting something; that she had seen this occur many times. On cross-examination she said she had seen Cotton Burkland come there and hunt for whisky, and that she had seen both negroes and white folks do this. She said she and her husband found several bottles of whisky at the place where appellant had hidden whisky on the particular night in question, and that she had given this whisky to officer Rochelle. Appellant was charged with and convicted for possessing intoxicating liquor for purposes of sale. All of this testimony above referred to would be material, as well as further testimony of other persons to the finding of large quantities of whisky near appellant's residence about the time of this transaction.

We fail to find anything in the record indicating that there were not other persons shown to have knowledge of the facts testified to by Mr. and Mrs. Batson, and must conclude that the argument of the district attorney was in no sense a necessary reference to the failure of appellant to testify. The bill of exception prepared by appellant seeks to have the court certify that there were no other persons present who could give such testimony, but the court declined to certify to such fact.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Counsel for appellant has filed a motion for rehearing which has challenged the attention of the court and we have given the same careful consideration.

The language used by state's counsel which is urged as having referred to the failure of appellant to testify is set out in the original opinion, and the circumstances under which the argument was made is also recited

clearly and fully, together with the argument of counsel for appellant in the same connection.

The rule with reference to "implied" or "indirect" reference to the failure of an accused to testify is stated in the following language in Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W., 580, 582: "The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one; that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence, or the absence of other evidence, to which remarks may reasonably have been applied by the jury, the statute is not transgressed."

Many authorities are cited in the opinion. Later cases are Hubbard v. State, 94 Texas Crim. Rep., 481, 251 S. W., 1054; Grimes v. State, 100 Texas Crim. Rep., 34, 271 S. W., 898; Howard v. State, 108 Texas Crim. Rep., 373, 1 S. W. (2d) 289; Howard v. State, 111 Texas Crim. Rep., 205, 13 S. W. (2d) 80. The difficulty we are confronted with in the present case is in the application of the rule under the facts. One witness was named by Mrs. Batson who could have been called by appellant to contradict her on some facts testified to by her. Both Mr. and Mrs. Batson testified that other parties had been seen apparently searching for something at a place near which appellant a short time before had left something. The evidence in its entirety warranted the jury in reaching the conclusion that the facts reflected appellant's method of delivering whisky to his customers, and that these searching individuals were customers of appellant. If so, he knew them and could have produced them. The argument complained of could have referred to a failure on the part of appellant to produce the witnesses indicated, one of whom had been named. If this be true, the statute (Code Cr. Proc., 1925, art. 710), prohibiting a reference to appellant's failure to testify was not violated. Jones v. State, 85 Texas Crim. Rep., 538, 214 S. W., 322; Howard v. State, 111 Texas Crim. Rep., 205, 13 S. W. (2d) 80.

We disclaim any intention to modify or depart from the announcement made by the court in Gothard v. State, 99 Texas Crim. Rep., 452, 270 S. W., 177, to which appellant has referred in his motion. The language quoted by him from that opinion was intended as a timely warning to prosecutors in cases where appellant did not testify and produced no evidence. The application of the rule announced in Boone v. State, supra, in Gothard's case was thought to demand a reversal. The application of the same rule has caused us to reach a different conclusion in the present case under the facts and circumstances presented by the court's qualification to the bill of exception and the evidence found in the record.

Our attention has been directed to an error in the sentence wherein

it fails to follow the requirements of the Indeterminate Sentence Law (article 775, C. C. P., as amended by Acts 42d Leg. (1931), c. 207, sec. 1 [Vernon's Ann. C. C. P., 775]). The sentence will be reformed to direct appellant's incarceration in the penitentiary for not less than one nor more than two years.

The sentence thus having been reformed, the motion for rehearing will be overruled.

*Sentence reformed and motion overruled.*