## JANUARY, 1933

EARL BOMAR V. THE STATE.

No. 15515.  Delivered January 4, 1933.
Reported in 56 S. W. (2d) 438.

The opinion states the case.

*B. R. Reeves,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Jack Porter, the alleged purchaser, testified that he purchased whisky from the appellant at about 10 or 11 o'clock in the morning of December 15, 1931. Porter described himself as an "undercover man." According to his testimony, the whisky was bought by him in order to entrap the appellant. In the course of his testimony the witness said that in the pursuit of his occupation he drank whisky as one of his professional duties. Several hours subsequent to the alleged purchase of the whisky by Porter, a search warrant was obtained by Lively, the sheriff, and the home of the appellant was searched and whisky found therein. Appellant advanced the theory that he was not at home at the time of the alleged purchase and by circumstances combatted the claim that he had sold the whisky. The defense of alibi was presented to the jury in the charge of the court.

From bill of exception No. 1, it appears that the appellant did not testify in his own behalf but supported his theory of alibi by the testimony of three witnesses.

In his argument to the jury, counsel for the state used the following language: "W. N. Lively testified when he searched the house of the defendant he found liquor and that the defendant then made the statement that he had to make his living selling liquor, which shows that the defendant was a bootlegger. *If what Mr. Lively said was not true, the defendant could have introduced evidence to disprove it; however, there was no one present to contradict Mr. Lively except the defendant and he does not have to testify.*"

Appellant objected to the remarks italicized above and requested that they be withdrawn from the consideration of the jury. In failing to comply with this request, we are constrained to regard the action of the court as error requiring a reversal of the judgment. The contention that the remarks of counsel offended against the inhibition in article 710, C. C. P., against reference to or comment upon the failure of the accused to testify, apparently cannot be successfully controverted. Citation of authorities is deemed unnecessary. Many of them will be found collated in Vernon's Ann. Tex. C. C. P., 1925, vol. 2, p. 751, sec. 35. It is not to be implied that the withdrawal of the remarks would have cured the error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*