TOM YORK v. THE STATE.

No. 16883.   Delivered June 29, 1934.

The opinion states the case.

*Brooks & Pace,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

No statement of facts is in the record.   It is shown that a statement of facts was approved and filed in the lower court within the time allowed by the court, and that without any fault of appellant or his attorney same has been lost.

There appears in a supplemental transcript a bill of exception which appellant insists is sufficiently full within itself to manifest an error which calls for reversal.   This is admitted in a brief filed by our State's attorney.

The bill in question recites that no one was present at the time of the alleged sale beside appellant and the claimed purchaser, and that no other person was present and witnessed the transaction, or heard the conversation incident thereto. It is further certified that appellant did not testify as a witness, but introduced evidence from other parties who testified that appellant was at another and different place at

the time the alleged purchaser claimed to have bought the whisky. The bill then shows that the district attorney in his closing argument repeated testimony and language of the alleged purchaser and appellant at the time of the alleged sale, and then said that this was undisputed, and that nobody had denied that appellant sold the whisky. In view of the fact that appellant had undertaken to establish by other witnesses than himself an alibi, the language of the district attorney can scarcely be given any other construction than a reference to the failure of appellant to take the witness stand and deny the sale, as well as the use of the language attributed to him by the alleged purchaser in making the claimed sale. The argument seems a violation of article 710 C. C. P., which prohibits reference by counsel to the failure of accused to testify. Without discussing the matter further we refer to Bomar v. State, 56 S. W. (2d) 438; Wood v. State, 116 Texas Crim. Rep., 336, 28 S. W. (2d) 139, and cases therein cited; Taylor v. State, 111 Texas Crim. Rep., 58, 11 S. W. (2d) 318.

For the error in the argument mentioned we have no option but to reverse the judgment and remand the cause for new trial, and it is so ordered.

*Reversed and remanded.*