## JAMES DERRY V. THE STATE.

No. 18610.   Delivered December 9, 1936.

The opinion states the case.

*R. A. Richardson, A. L. Bevil,* and *James F. Parker,* all of Kountze, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—It was charged against appellant that while intoxicated be drove an automobile upon a public highway, and while so driving said automobile he through accident or mistake killed L. V. Beck and G. B. Sinclair.   Appellant was convicted and his punishment assessed at confinement in the penitentiary for a period of five years.

On the night of the accident the two partes killed. and other parties were in a truck driving towards Beaumont.   The lights on the truck flickered and the truck was stopped on the side of the road, the right wheels being on the shoulder of the road and the left wheels being on the pavement.   According to the evidence for the State the lights did not go out, and all were burning at the time of the accident.   The car driven by appel-

lant, and occupied by a number of other negroes, approached the truck from the rear, moving at a high rate of speed. One witness described the course of the car as "wobbling about." The two parties killed, and Mrs. Sinclair, were out of the truck on the shoulder of the road. In undertaking to pass the truck on the right hand side appellant's car struck the end of the truck, killing the two parties named, and seriously injuring Mrs. Sinclair. Appellant had his arm outside of the car and it was almost torn off. One negro in the car with appellant, while denying that he saw appellant drink any whisky, testified that appellant was driving the car so erratically that witness jumped out before the accident occurred. The doctor who attended appellant at the hospital said that in his judgment appellant was under the influence of liquor, as well as suffering from injury. Another witness, who worked in a restaurant, and who had seen appellant a short time before the accident, said that in his opinion appellant was drunk at the time he saw him in the restaurant. After the accident an empty bottle which had contained whisky was found in the car.

Upon the trial appellant denied being drunk, and while admitting that he undertook to pass the truck on the right hand side, explained it by saying the lights on the truck were out, that he did not discover the truck until he was near it, and that a car coming towards him lead him to believe that he could not pass the truck on the left hand side, and he drove on the right of the truck in order to avoid striking the car or the truck.

The issues raised by the testimony were fairly submitted and required the jury to find beyond a reasonable doubt that appellant was intoxicated and driving the car on a public highway at the time of the accident before he could be convicted. The jury was further instructed that although he was intoxicated, if he was operating the car in a proper manner he would not be guilty; and further, that if the accident resulted because of the manner in which the truck had been stopped on the highway and was not caused by any fault of appellant that he would not be guilty.

While the evidence was conflicting upon the question of appellant being intoxicated at the time of the accident, the State's evidence upon the point was sufficient for the jury to predicate a finding that he was so intoxicated, and we would have no authority to overturn the finding of the jury upon the issue of fact.

In the motion for new trial we find a great many recitals

that certain things occurred upon the trial which were objected to and exception reserved, but if such things happened we are not apprised of it by any bills of exception brought forward in the record. This court is in no position to review complaints which are simply set out in the motion for new trial. Gann v. State, 109 Texas Crim. Rep., 640, 6 S. W. (2d) 751; Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116; Mier v. State, 120 Texas Crim. Rep., 397, 49 S. W. (2d) 757.

Under the record as presented an affirmance must be ordered, which is accordingly done.

*Affirmed.*