## ELBERT BOLES v. THE STATE.

No. 10276.    Delivered November 3, 1926.

**1.— Manslaughter — Circumstantial Evidence — Charge On — Properly Refused.**

Where, on a trial for manslaughter, an eyewitness to the fight which resulted in the homicide testified that appellant was present and engaged in the difficulty, a charge on circumstantial evidence was properly refused.

**2.—Same—Charge of Court—Rule Stated.**

Frequently exceptions are taken to some particular paragraph of the court's charge, which considered alone might appear sound, but on appeal the entire charge is looked to, and considered as a whole, criticisms directed to some particular paragraph may be without merit. In the instant case, appellant's objections to the court's charge on conspiracy, principals, and to his presence at the scene of the homicide, but not participating in the killing, taken as a whole, the charge is not subject to the criticisms urged against it.

**3.—Same—Argument of Counsel—Reversible Error.**

Where the appellant had not testified as a witness for himself on his trial, the discussion of the evidence by counsel for the state, and their repeated reference to, and assertions, that those facts were not denied by any witness, there being no witness save the appellant who could have denied them, constrains us to hold that the appellant's contention that such arguments were allusive to appellant's failure to testify is correct, and for this error the cause must be reversed. Following Art. 710, C. C. P. Boone v. State, 90 Tex. Crim. Rep. 377, and other cases cited.

Appeal from the District Court of Rusk County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Sanders & Sanders, Davis & Davis, Geo. A. King,* and *J. Y. Gray,* for appellant. On argument of counsel for state, appellant cites:

Scarbrough v. State, 263 S. W. 917.

Adams v. State, 219 S. W. 578.

Grimes v. State, 271 S. W. 898.
Williams v. State, 146 S. W. 168.
Flores v. State, 129 S. W. 1111.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Rusk County for the offense of manslaughter, and his punishment assessed at two years in the penitentiary.

The appellant, Calvin Boles, Claude Boles and L. D. Cammack were jointly indicted in Shelby County, Texas, for the murder of W. R. Cook, and after severance the appellant's case was on change of venue transferred to Rusk County. It was the theory of the state that all of the above named parties had conspired to take the life of the said Cook and that they all met at Choice, a way station on the railroad, and there brought on a difficulty with Cook, in which Calvin Boles shot and killed him, during which time the balance of said parties were present and participated in the fighting. The appellant failed to testify, but it was his contention that he was present but knew nothing of any conspiracy to take the life of Cook and took no part whatever in said fight.

We find nineteen bills of exception in the record. Appellant's counsel insist that the court erred in refusing to charge the jury on circumstantial evidence. This contention is based mainly on the cross-examination of deceased's wife, who was the only eyewitness, outside of the parties indicted, at the scene of the homicide. She testified on examination in chief that her attention had been called to the fight and she heard her husband call to her to bring him a gun, and in this connection we quote from her testimony: "They were still fighting out there. I mean by that L. D. Cammack, Calvin Boles, Claude Boles and Elbert Boles and Mr. Cook—they were fighting my husband. Elbert Boles, the defendant, was down there fighting, too. * * * When I first stopped out there in front of the store all of the men I have just named were fighting Mr. Cook. * * * I heard two shots. I got the gun and started out there where they were, and they called to me that I was too late, to put the gun up, and then I turned and put the gun up and then went out down there where they were. When I say they called to me to put the gun up, I was too late, I mean Calvin Boles, Claude

Boles, Elbert Boles and L. D. Cammack." On cross-examination, relative to this issue, the said witness testified as follows:

" * * * When I saw the trouble out there, they seemed to be fighting my husband. I did not see Elbert Boles do anything to him. I did not see him strike him, or kick him, or shoot him. I could not distinguish whether Elbert Boles laid a hand on him or not. They were all right there together. They were all fighting my husband is the way it appeared to me." We think this testimony shows positively that the appellant was present and engaged in the fight, and that the trial court did not err in refusing the charge on circumstantial evidence.

There are many questions raised as to the sufficiency of the charge of the court on conspiracy, principals, and as to the appellant's being present but not participating in the fight, but after a careful examination of the entire charge we have reached the conclusion that, taken as a whole, it is not subject to the criticisms urged against it.

The most serious question brought to our attention is the objection urged to the argument of state's counsel before the jury. The Hon. W. M. Futch, attorney for the state, in discussing the testimony of deceased's wife relative to what she saw at the scene of the homicide and in connection with the court's charge thereon, stated: "Elbert Boles is guilty of the murder of W. R. Cook, and these must be facts, for no living soul has denied them." The said attorney, in discussing the state's evidence given by Neuvill and Hughes, to the effect that the appellant had gone to them for the purpose of buying a pistol on the day preceding the homicide, and stated to one of them that his wife was afraid of negroes and to the other that he wanted to shoot owls, and that he had obtained a 38-caliber pistol from said Hughes, stated: "This testimony is before you without explanation or denial, and the testimony further shows that W. R. Cook was killed with a 38-caliber pistol, and the bullets have been introduced in evidence before you. If that doesn't show a conspiracy to take the life of W. R. Cook and preparation to carry it into execution, I want to know how you would go about proving a conspiracy." Hon. E. H. Carter, attorney for the state, in the closing argument to the jury and in discussing the testimony of the said Hughes and Neuvill, stated: "These witnesses have testified to these facts, which show beyond a reasonable doubt they were getting ready to kill W. R. Cook, and they have not denied the same." Appellant's counsel objected to these remarks and excepted to same, contending that they were alluding to the failure of the appellant

to testify. The bills show that there were no other witnesses who saw or heard the matters in question, and could testify concerning same, except those produced by the state, and it follows that the defendant was the only other person who could deny or explain said matters. Therefore, after a careful analysis of these bills and the record, we are constrained to hold that the appellant's contention is correct, and that the only inference to be drawn by the jury from said arguments was that same were references to appellant's failure to testify. This was error and will require a reversal of this case. Art. 710, C. C. P.; Boone v. State, 90 Tex. Crim. Rep. 377, 235 S. W. 580; Singleton v. State, 93 Tex. Crim. Rep. 109; Neeter v. State, 103 Tex. Crim. Rep. 399; Cox v. State, 103 Tex. Crim. Rep. 572.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.