## ELBERT BOLES V. THE STATE.

### No. 11491.   Delivered April 18, 1928.

**1.—Manslaughter—Evidence—Opinion of Witness—Erroneously Admitted.**

Where, on a trial for manslaughter, it was error to permit a physician, who did not veiw the homicide, to testify that he had examined the body of deceased immediately after he was killed and from the location of the wounds on the body the deceased was either on the ground when he was shot or the pistol with which he was shot was on the ground.   The relative position of the parties at the time of the shooting could not properly be determined by the opinion of either a non-expert or expert witness.   See Boles v. State, 299 S. W. 406, and authorities cited.

**2.—Same — Argument of Counsel — Construed as Reference to Failure to Testify.**

Where two state witnesses had testified that appellant had tried to get a pistol from them just prior to the homicide, no other person being present at the time, and appellant not having testified on the trial, the argument of state's counsel referring to the testimony, and his assertion that it had not been denied by any other witness on the trial, must be regarded as a comment on the failure of appellant to testify.   See Art. 710, P. C.; Boles v. State, 288 S. W. 198, and authorities cited.

Appeal from the District Court of Rusk County.   Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for manslaughter, penalty two years in the penitentiary.

This is the second appeal of this case.   A former appeal is reported in 288 S. W. 198.

*Davis & Davis, Sanders & Sanders* of Center and *King & Wood* of Houston for appellant.   On argument of counsel as reference to appellant's failure to testify, appellant cites:   Scarborough v. State, 263 S. W. 917; Adams v. State, 219 S. W. 460; Vickers v. State, 154 S. W. 578; Grimes v. State, 271 S. W. 898; Williams v. State, 146 S. W. 168; Flores v. State, 129 S. W. 1111, and Boles v. State, 288 S. W. 198.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter, the punishment confinement in the penitentiary for two years.

A former appeal of this case is reported in 288 S. W. 198. We deem it unnecessary to again discuss the evidence.

The court concluded that the evidence raised the issue of self-defense and embodied in his charge an instruction covering the law thereof.

A physician who was testifying for the state stated that he examined the body of deceased immediately after he was killed. This witness did not view the homicide. The version of those present was that all of the parties were standing when the shots were fired. The witness, although not present at the time of the firing of the fatal shot, was permitted to testify over proper objection that, from the location of the wounds in the body, deceased was either on the ground when he was shot or the pistol with which he was shot was on the ground. The objection should have been sustained. The witness invaded the province of the jury, who were as well qualified to speak as the witness. The relative position of the parties at the time of the shooting could not properly be determined by the opinion of either a non-expert or expert witness. See Boles v. State, 299 S. W. 406, and authorities cited.

A witness for the state testified that a short while before the homicide appellant asked him if he knew where he could get a pistol. Appellant did not testify upon the trial. No person was present other than appellant and the witness referred to at the time the conversation concerning the pistol was had. Over timely objection the District Attorney, in referring to the conversation relative to the pistol, stated in argument:

"Defendant, Elbert Boles, was down in Neuville, on the day before this killing hunting for a pistol. You know, and I know, that he was down there hunting for a pistol because John Hill Dickinson has testified to it and no witness from this record has denied it."

It is further shown by proper bill of exception that another witness for the state testified that a short while before the killing appellant endeavored to buy a pistol from him. Only appellant and the witness were present at the time of the conversation. In referring to the matter in argument the District Attorney said:

"I say to you, gentlemen of the jury, that on Monday before W. R. Cook was killed on Tuesday, E. B. Boles, the defendant, was down in Neuville hunting for a pistol to kill him with. You know, and I know, that he was down there hunting for a pistol because Will Neuville had testified to it and it has not been denied by any witness in this record."

This argument was also timely objected to as being a reference to the failure of appellant to testify.

Appellant's contention is correct. The only inference that could have been drawn by the jury from the remarks complained of was that the District Attorney was alluding to appel-

lant's failure to take the witness stand and testify in his own behalf. Art. 710, C. C. P., expressly inhibits allusion to the failure of the accused to testify in his own behalf. See Boles v. State, 288 S. W. 198, and authorities cited.

Other questions are presented which are not discussed, as they are not likely to occur in the same form on another trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.