SAM TRAYLOR v. THE STATE.

No. 11694. Delivered November 28, 1928.

The opinion states the case.

*Henderson & Bolin* of Daingerfield, *J. H. French, Jr.* of Daingerfield and *J. A. Ward* of Mt. Pleasant, for appellant. On reference to defendant's failure to testify, appellant cites: Boone v. State, 235 S. W. 580; Singleton v. State, 245 S. W. 922; Moore v. State, 237 S. W. 938; Scarborough v. State, 263 S. W. 917; Young v. State, 243 S. W. 472; Hester v. State, 281 S. W. 565; Grimes v. State, 271 S. W. 898 and Hobbs v. State, 284 S. W. 585.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment confinement in the penitentiary for two years.

It was the state's theory that appellant burned the Mt. Mariah Church for colored people. Testimony of the state tended to show that appellant went to the church alone in an automobile at night and set fire thereto. Automobile and human tracks were found in the vicinity of the church. A pair of shoes taken from appellant's residence by the sheriff shortly after the fire fitted the human tracks perfectly.

On the morning after the burning the sheriff went to appellant's home for the purpose of arresting him. Appellant was absent. The sheriff asked appellant's wife for permission to get a drink of water. She invited him to enter the house. While passing through the hall he noticed a pair of shoes. He picked the shoes up and took them to the scene of the burned building where they were applied to the human tracks with the result hereinbefore stated. His testimony touching the finding of the shoes and their use in connecting appellant with the offense for which he was being tried was objected to on the ground that at the time he procured said shoes he had neither a search warrant, warrant of arrest, nor a legal right to arrest, and that under the provisions of Articles 4a and 727a C. C. P. the search was illegal. We are unable to agree with this contention. The sheriff was not a trespasser in appellant's residence. His entry therein was legal. He had asked for and obtained the permission of appellant's wife to enter the house for the purpose of getting a drink of water. At the time he saw and obtained the shoes he was violating no law. Hence the statutes above referred to had no application. Hall v. State, 101 Tex. Cr. Rep. 365; Jones v. State, 1 S. W. (2d) 618.

Appellant did not testify. According to the state's testimony, appellant was alone at the time he burned the church. In closing his argument, the district attorney used language as follows:

"The state has proved the tracks that were made were made by defendant's car and defendant's shoes and nobody denies it."

In the condition in which we find the record appellant was the only person who could have made a denial of the fact that the tracks near the scene of the burned building were made by his shoes and by his car. Appellant timely objected to the statement of the district attorney as constituting a comment on the failure of appellant to testify. We think the argument of necessity referred to the failure of appellant to take the stand as a witness and that the jury could have drawn no other inference therefrom. The mandatory provisions of Article 710 C. C. P. having been violated by the attorney representing the state, it becomes our duty to order a reversal. Singleton v. State, 93 Tex. Cr. Rep. 109.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.