A. O. Sweet v. The State.

No. 12745.   Delivered January 8, 1930.
Reported in 23 S. W. (2d) 370.

The opinion states the case.

*Reynolds & Heare* of Shamrock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is bringing stolen cattle into Texas; the punishment, confinement in the penitentiary for two years.

No recognizance appears in the record.   Appellant is at large. Hence this court is without jurisdiction to entertain the appeal.

Appellant has filed an application for writ of certiorari to issue to the district clerk of Wheeler County ordering him to prepare a true and correct transcript of the record in this case.   It is stated that appellant actually entered into recognizance in open court and that a docket entry thereof was made.   A certificate of the clerk is to the effect that while a recognizance was entered into by appellant and his sureties, a copy thereof was not carried forward into the minutes of the court.   Hence it would be useless to grant the writ.   The application is refused.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—A proper recognizance having been brought forward, the appeal is reinstated, the judgment of dismissal set aside and the case considered on its merits.

The state relied upon circumstantial evidence. Appellant did not testify in his own behalf, and he placed no witnesses on the stand. In his argument to the jury, after summing up the circumstances relied upon by the state, one of counsel for the state used language as follows:

"Those are the facts before you, gentlemen of the jury, and they are not disputed. There is no denial of any kind."

Counsel for appellant promptly objected to the remarks. The objection was sustained and the court instructed the jury to disregard the statement. It is certified in the bill of exception that appellant did not testify in his own behalf and that he was the only person who could have made a denial of the incriminating facts referred to by counsel for the state. It is specifically declared by art. 710, C. C. P. that the failure of the accused to testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented upon by counsel in the cause. Within the inhibition of the statute are comments wherein the attention of the jury is called to the fact that certain testimony has been given, and that the accused has not denied it. Pirtle v. State, 10 S. W. (2d) 564. The objection that the argument in question was a reference to the failure of appellant to testify was well taken. Under the record presented here the only inference that could have been drawn by the jury from the remarks complained of was that the counsel for the state was alluding to appellant's failure to take the witness stand and testify in his own behalf. The mandatory provisions of the statute having been violated, it becomes our duty to order a reversal. Trayler v. State, 11 S. W. (2d) 318; Boles v. State, 5 S. W. (2d) 509; Boles v. State, 288 S. W. 198.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.