## P. E. WHITE AND FRED CUMMINGS V. THE STATE.

No. 17097.   Delivered January 16, 1935.
Reported in 78 S. W. (2d) 195.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is in the offense; penalty assessed at confinement in the penitentiary for three years.

In the first count of the indictment the appellants, P. E. White and Fred Cummings, were charged with unlawfully *transporting whisky*. It is upon that count that the matter was submitted to the jury.

According to the witness Coonrod, a collision of automobiles took place on the public road about midnight. Coonrod, who was driving his car, was injured. According to the State's witness, the persons who were in the other car, refused the request of Coonrod to take him to town on account of his injuries, stating they could not do so because "they were loaded with liquor." According to the State's witness Lankford, on the same night the appellants drove their car to a filling station and unloaded from it five kegs full of some kind of liquid which, on the following morning, was found by an officer to be whisky.

Neither of the appellants testified in his own behalf.

From Bill of Exception No. 1, it appears that the State's counsel, in the course of his address to the jury, used the following language: "Gentlemen of the Jury: These defendants were caught red-handed with forty-five gallons of whisky. The State's evidence shows it. There is no contradiction of the facts."

Appropriate exception was reserved. From the bill the further quotation is taken: "The court finds as a matter of fact that the transaction complained about by the defendants in this bill of exceptions happened and occurred as is outlined in this bill of exceptions and that said remarks were not caused or provoked by anything said or conduct on the part of the defendants or their attorney; that said remarks were made in the opening argument of the State to the jury."

We are constrained to regard the remarks of counsel as violative of article 710, C. C. P., in which it is said: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

The remarks mentioned cannot be characterized other than as a comment upon the failure of the accused to testify. Precedents to the effect that a violation of the statutory provisions would, under the circumstances detailed in the record, require a reversal of the conviction are pointed and numerous. See Vernon's Ann. Tex. C. C. P., 1925, vol. 2, p. 723, and notes. See, also, Flores, v. State, 60 Texas Crim. Rep., 25.

. Other questions are presented in the record, but they are not such as will probably appear upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*