LEE PARRISH v. THE STATE.

No. 17928.   Delivered February 19, 1936.

The opinion states the case.

· *J. R. Bogard,* of San Augustine, *J. R. Anderson,* of Center, and *Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 25 years.

The trial was had in Nacogdoches County on a change of venue from San Augustine County.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Lonnie Hooper by shooting him with a gun.

The State relied largely upon the testimony of Boss Brown, whose version of the transaction was to the effect that appellant killed deceased and Ewell Hooper after having accused them of "robbing his beer barrels." Appellant sought to impeach said witness by showing that upon being first questioned he had declared that he knew nothing about the transaction resulting in the homicide. The State also introduced testimony to the effect that appellant had theretofore threatened to kill any person who stole his material for making intoxicating liquor. Brown testified that after appellant killed deceased and his companion he made the statement to him (Brown) that they would not be guilty of again "robbing his beer barrels."

Appellant did not testify in his own behalf. It is shown in bill of exception No. 14 that the county attorney, in argument to the jury, used language as follows: "We have proved his (appellant's) motive and there has been not one word of testimony to deny it." It is certified in the bill that appellant did not testify, and further that he was the only person who could have denied that he was actuated by the motive ascribed to him by the State in killing deceased. Appellant objected to the argument on the ground that it was a reference to his failure to testify. In bill of exception No. 17 it is shown that said county attorney, in argument to the jury, employed the following language: "This is the first murder case that I have ever assisted in where the charge of the court did not submit one defensive issue and the first murder case I have ever assisted in the prosecution of where there was not one line of testimony for the defendant given from the witness stand. Are you going to come in without one word of defense testimony and turn a man loose?" It is certified in the bill that other than the State's witness Brown, no person was present at the time deceased was killed except appellant who could have testified to any matter constituting a defense. Further, it is certified in the bill that save the witness Boss Brown appellant was the only person who could have testified as to his (appellant's) whereabouts at the time deceased was killed. Again, appellant objected on the ground that the argument constituted an allusion to his failure to testify.

The State's attorney before this court confesses that said bills of exception reflect reversible error. In view of the certificates of the trial judge to said bills, we are constrained to agree with the State's attorney. We think the bills, as qualified, show that the argument of necessity referred to the failure of appellant to take the stand as a witness, and that the jury

could have drawn no other inference therefrom. The mandatory provisions of Art. 710, C. C. P., having been violated by the attorney representing the State, it becomes our duty to order a reversal. Singleton v. State, 245 S. W., 922; Sweet v. State, 23 S. W. (2d) 370.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.