W. N. MOWERY, *alias* DUTCH MOWERY v. THE STATE.

No. 21349. Delivered January 22, 1941.

658

The opinion states the case.

*Jos. H. Aynesworth* and *H. M. Hood,* both of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of rape, and by the jury assessed a penalty of five years in the penitentiary.

The facts show that two young ladies, one seventeen years of age and the other eighteen years of age, on Hallowe'en night, were walking on the streets of Pampa. Two men, strangers to them, passed them in a car and waved at them. The girls did not answer them. These men turned around and came back, and, after some conversation, the girls got in the car with these men and drove around town, eventually going to a dance hall, and finally leaving town on a road towards Borger. When near a town called Skiatex, out on a country road, appellant and his brother told the girls they wanted to show them something, and appellant's brother told one of the girls to get out of the car. This the girl refused to do, when the brother said "By God, I can make you." The girl replied "You might make me, but I'm not getting out of the car." Whereupon the brother of appellant struck the girl, and slapped her and grabbed her by the neck and dragged her out of the car and through the weeds, and out of sight of the other occupants of the car. Appellant remained in the car with the other girl, and then tried "to get hold of" the girl who was in the car, who at first refused him, but when threatened by appellant to treat her as his brother had treated her companion, the girl prepared herself for the act, and had two acts of intercourse with appellant while lying down on the back seat of the car. While these acts were being committed, the brother and his girl companion were out of sight of the two in the car. The girl that appellant had in the car was

seventeen years of age, and, according to a physician's testimony, was a virgin at such time. The girls finally got back in the car, and when they got to town they phoned the police, and sometime during the night or early morning the brothers were arrested, and appellant was charged with rape, based upon the age of the girl with whom he had the two acts of intercourse.

We find thirty-one bills of exceptions in the record, many of which might be troublesome, but we find ourselves confronted with one bill that we think demands a reversal of this case.

Bill of exceptions No. 8 reads in part as follows:

"BE IT REMEMBERED, that upon the trial of the above entitled and numbered cause, wherein the State of Texas is plaintiff and the defendant, W. N. (Dutch) Mowery is appellant herein, that the defendant stands indicted for the charge of 'rape' upon a female not his wife and under the age of 18 years, and to which charge the defendant plead 'not guilty,' and further that the defendant did not testify in said cause or take the stand in behalf of himself and that the only evidence as against the defendant was testified to by the prosecuting witness, Lorene Wallin, now Mrs. T. D. Sharp; that after she and the defendant and R. C. Mowery, brother of the defendant, and Edna Earl Ayres had arrived at near Skia Tex Camp, that R. C. Mowery induced Edna Earl Ayres to leave said car or forcibly ejected her from said car and went off some 40 or 50 yards and were gone some 20 or 30 minutes, and that while R. C. Mowery and Edna Earl Ayres were gone the prosecuting witness, Lorene Wallin and the defendant had intercourse, possibly two times while she was sitting on the back seat of the automobile; she having made preparation for said act by taking off her 'undies' and putting one leg upon the back of the front seat and the other out of the car window; that no one saw her and him in the act; that she had told defendant upon his request for the act of intercourse that she was not 'that kind of a girl' and he threatened her and she let him perform the act of intercourse with her on account of fear; that no one was present at any time during the act; that there is no testimony from any witness in the case as to the actual fact of intercourse except as above stated, the defendant not having taken the stand in his own behalf.

"AND BE IT REMEMBERED while the Honorable District Attorney was making his closing address to the jury, he stated to the jury: '* * * It is not shown in this record in this case anywhere a contradiction as to her age; it is not shown in this

record anywhere a contradiction as to the commission of the act; it is not shown in this record anywhere a contradiction that she was not the wife of the defendant.'

"AND BE IT FURTHER REMEMBERED that said remarks of the District Attorney were not brought about or induced by any argument or act of the defense attorneys in their address to the jury; that said argument was not provoked by defense counsel in reply to any argument made by defense counsel."

The objectionable portion of such argument, so we think, was the phrase "it is not shown in this record anywhere a contradiction as to the commission of the act," and this objection is emphasized and made certain by the statement in the bill wherein it is said "that no one saw her and him in the act." This leaves no one to be able to contradict her testimony, in regard to such acts of intercourse, save the appellant, and leaves us with a clear-cut allusion to the appellant's failure to testify, and a violation of the mandatory provisions of Art 710, C. C. P.

In the Sweet Case, 114 Texas Cr. R. 342, 23 S. W. (2d) 370, we reversed the same because of the following remarks: " Those are the facts before you, gentlemen of the jury, and they are not disputed. There is no denial of any kind.' " See Pirtle v. State, 10 S. W. (2d) 564, and cases there cited.

The statute, Art. 710, C. C. P., has been construed to have been violated when it is apparent that no one but appellant was in a position to make certain denials, or to give certain testimony, and the failure of such testimony to appear in the case is commented upon by the State's attorney, in the presence of the fact that the appellant was not placed upon the witness stand, such a comment is necessarily one upon the defendant's failure to testify, and such comment will work a reversal of the case. See Traylor v. State, 11 S. W. (2d) 318; Singleton v. State, 93 Texas Cr. R. 109, 245 S. W. 922; Boles v. State, 105 Texas Cr. R. 224, 288 S. W. 198; Boles v. State, 5 S. W. (2d) 509; York v. State, 73 S. W. (2d) 538, 126 Texas Cr. R. 659, as well as numerous other authorities found in the annotations under Art. 710, C. C. P., Sec. 30, Pocket Edition.

It is to be regretted that in the enthusiasm of the trial, in a case as well proven as this one, the State's attorney allows himself to infringe on the provisions of Art. 710, supra, to such an extent that its mandatory provisions demand of this Court

a reversal of the judgment, yet we can do no less under the plain decisions of this court, which are so numerous.

We think that the matters complained of in bills Nos. 11 and 12, as long as all four of the parties remained together at or in the car, were res gestae, and the acts of all parties at such time were admissible, and of course all the transaction between the complaining witness and appellant was admissible, as well as her prompt outcry.

It would be a useless consumption of time and space to attempt to write seriatim on the large number of bills found in this record. Suffice it to say, we find the major portion thereof will doubtless not again occur upon another trial, and we have indicated above those that will doubtless again occur, in which we find no error.

On account of the remark found in bill No. 8, which necessarily referred to the failure of appellant to testify, this judgment is reversed and the cause remanded.