JOSEPH LEE RICHARD V. STATE

No. 28,622. December 5, 1956.
State's Motion for Rehearing Overruled February 6, 1957.

*Andrew Campbell,* Port Arthur, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *James S. Mc-Grath,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for burglary, with punishment assessed at six years in the penitentiary.

The premises burglarized were those of the Collins Insurance Agency, owned and operated by Ben T. Collins.

The state's testimony was circumstantial, and the trial court so recognized by submitting the case to the jury upon that theory.

The appellant did not testify as a witness in the case.

A bill of exception appears to the opening argument of state's counsel, as follows:

" 'No one denies Collins Insurance Agency was broken into, and that it happened on October 8, 1955. Here you have a cash box broken into and you have that closet broken into; true, there was no loss suffered, but there was upstairs (sic), but this applies to Collins Insurance Agency, but there is no denial of the evident intent of the person who broke into that place.' "

To that argument, appellant registered the objection that it was a comment and a reference upon and to his failure to testify as a witness in the case.

Appellant's objection to the argument was overruled. Thereupon, he moved the trial court to instruct the jury not to consider the argument.

The bill of exception presenting this complaint was approved without qualification.

There is no escape from the conclusion that the objection was well taken and should have been sustained.

When counsel made the statement that there was no denial of the intent of the person who committed the burglary, he

referred directly to appellant's failure to testify, because all the state's evidence showed that appellant and no other person committed the burglary and, therefore, that he was the only person who could deny his intent in committing that offense.

Since 1889, the legislature has provided, by Art. 710 C.C.P., that the failure of any defendant to testify in the case shall not be alluded to or commented upon by counsel in the case. With uniformity, this court has enforced the mandate of that article when the provisions thereof have been violated—and this, without reference to whether the accused was injured thereby. That the argument violated the statute appears to be patent. Langford v. State, 156 Texas Cr. Rep. 113, 239 S.W. 2d 394; Williams v. State, 156 Texas Cr. Rep. 484, 243 S.W. 2d 837; White, et al, v. State, 127 Texas Cr. Rep. 547, 78 S.W. 2d 195; Traylor v. State, 111 Texas Cr. Rep. 58, 11 S.W. 2d 318; Sweet v. State, 114 Texas Cr. Rep. 341, 23 S.W. 2d 370; Woods v. State, 150 Texas Cr. Rep. 281, 199 S.W. 2d 1019.

For the reasons stated, the judgment is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

The state argues with much persuasion that the remarks set out in our original opinion merely called the attention of the jury to the undisputed evidence that a burglary had been committed by someone whose intent was to commit theft, and that the disputed issue was whether or not the state had proved that appellant was the guilty party.

Bill of Exception No. 5 complains of a similar remark in the opening argument for the state: "Nobody denies the burglary."

The court certifies in this bill: "And such statement and argument on behalf of the State of Texas by the Assistant Criminal District Attorney constituted a comment on the failure of the defendant to testify in said cause * * * ."

We are not in position to say from the record that the trial court's certification is incorrect, and hence we are unable to agree with the state's position.

The state's motion for rehearing is overruled.