GRANT COLE v. THE STATE.

No. 53. Decided October 13, 1909.

**1.—Rape—Charge of Court—Force.**

Where, upon trial for rape, the evidence showed that the defendant took prosecutrix by the hand, compelling her to abandon the path she was going, forcing her to lie·down, etc., taken in connection with the threats used, etc., there was no error in submitting to the jury the issue of force. Distinguishing Sharp v. State, 15 Texas Crim. App., 171.

**2.—Same—Threats—Sufficiency of the Evidence.**

Upon trial for rape by force and threats, where the evidence showed that the prosecutrix was accosted by the defendant in a secluded place; that he was armed and desperate; that he forced her to leave the path by threats and force, and to lie down and submit to his assault, etc., there was sufficient evidence to sustain the conviction on the allegations of threats.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of rape; penalty, fifteen · years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Pickett,* for appellant.—On the question of force and

resistance: Barnett v. State, 42 Texas Crim. Rep., 342, 62 S. W. Rep., 765; Perez v. State, 50 Texas Crim. Rep., 34, 94 S. W. Rep., 1036. On the question of threats: Perez v. State, 48 Texas Crim. Rep., 225, 87 S. W. Rep., 350; Rhea v. State, 30 Texas Crim. App., 483, 17 S. W. Rep., 931; Owens v. State, 39 Texas Crim. Rep., 391, 46 S. W. Rep., 240; McAvoy v. State, 41 Texas Crim. Rep., 56, 51 S. W. Rep., 928; Kennon v. State, 42 S. W. Rep., 376; Elliott v. State, 49 Texas Crim. Rep., 435, 93 S. W. Rep., 742; Edmonson v. State, 44 S. W. Rep., 154; Ellenberg v. State, 36 Texas Crim. Rep., 139, 35 S. W. Rep., 989; Price v. State, 36 Texas Crim. Rep., 143, 35 S. W. Rep., 988.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant, Grant Cole, prosecutes this appeal from a verdict and judgment of conviction of the offense of rape upon one Rosa Ellison, had in the District Court of Liberty County, on March 3 of this year. The indictment was in the usual form, and in one and the same count charged rape to have been committed by force, threats and fraud. There was no evidence on the issue of fraud, but the case was submitted to the jury on the issues of force and of threats.

The facts show that prosecutrix, Rosa Ellison, was a negro girl 17 years of age. She testified to the act of intercourse as having occurred on the 26th of January, 1908, about seven o'clock in the morning, while she was going to the residence of Dr. Tadlock, where she was employed as a nurse. She testified, in substance, that she had seen Cole quite frequently before this, and had talked with him, and that on the morning in question he accosted her with a pistol in his hand, pulled her a few steps from the little path in which she was walking, out among some trees, and there by force and threats had forcible carnal knowledge of her person over her protest and without her consent.

1. The evidence on the issue of force is not strong, and if it stood alone we should not hestitate to hold it insufficient. Prosecutrix does say, however, among other things, that when he raised her dress he had the pistol in his hand. "He had his hand around me and that pistol in his hand and forced me to lie down, and after I did he took my dress with one hand and he had the pistol in the other." Again, she says: "As to this being the road I went just out of the little field to have this connection; it was just a few feet out of the path. He caught hold of my arm and pulled me over. He caught hold of my arm with his left hand and had the pistol in his right hand. It was a nickel-plated pistol." During the time of the assault she says she was in fear of her life; that she never consented, and that she was crying during the time. She

does say, however, many times, that she made no resistance, did not measure strength with appellant, and indeed did nothing, giving as a reason therefor that she was in fear of her life. The evidence of prosecutrix further shows that she, almost immediately after being released, went to the house of Dr. Tadlock and made complaint of the fact of having been ravished, though it does not appear that she stated at the time the name of the guilty party further than that the rape had been accomplished by that man. Dr. Tadlock testified that about seven o'clock that morning she woke him up; that at the time she was very nervous, excited and crying. She identifies appellant as she says by seeing part of his face, by seeing his eyes, and by his voice. On cross-examination some doubt is thrown on the identification of appellant, but we think, considering the testimony in its entirety, that the jury were justified in believing that the person who assaulted her was appellant, and that such an assault was committed both by force and threats. We have examined the charge of the court both in respect to threats and force, and think that such charge is unexceptional. The only question about which we have had any doubt is as to whether or not the court should have submitted the issue of force at all, but in view of all the testimony we have finally concluded that there was at least some evidence of force which, considered in connection with the evidence of threats, not only justified but required the court to submit this issue.

Appellant's counsel rely on the case of Sharp v. State, 15 Texas Crim. App., 171, as authority for the proposition that in this case it was error to charge on the issue of force at all. As they interpret that decision it was a holding that that case should have been reversed if force had been charged by the court. We do not so interpret the decision, but as we understand, it merely holds that the charge of the court in that case on the issue of force was defective and insufficient, and that if it had been true that this issue had in terms been submitted to the jury it would have worked a reversal of the case. The opinion in that case was rendered by Judge Hurt, and like all the decisions of that great judge, bears the impress of a masterful mind. His reasoning is so logical and so conclusive as to answer, we believe, the contention of appellant here. In that case, as in this, both rape by threats and by force was charged. In discussing the matter Judge Hurt says: "The vital proposition —that which was urged with such ability and learning in argument and brief, by counsel for appellant—is: "That rape can not be effected, under our Code, by a combination of force and threats, unless the force, considered separately, is such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case; or unless the threat, considered separately, be such as

might reasonably create a just fear of death or great bodily harm, in view of the relative condition of the parties as to health, strength, and all other circumstances of the case.'

"At first view this is quite a plausible proposition; but upon closer inspection we find the proposition ensconced behind another, the solution of which will determine that of appellant. And we believe the bare statement of the true question will demonstrate the deformity or unsoundness of appellant's.

"While it is true that the force used must be such as might reasonably be supposed sufficient to overcome the resistance, and that this fact must be established by the State, and while it is also true (threats being the means relied on) that the threats must be such as might reasonably create a just fear of death or great bodily harm (and this fact must be shown by the State), still, this proposition, this vital question, which lies in front of the one presented by defendant, is submitted: Can threats made by defendant, though not sufficient in themselves, so characterize or give meaning to force—the force not being within itself sufficient—as to render it sufficient to overcome resistance? Again, can force used by defendant, though not sufficient, separately considered, so characterize and intensify threats—the threats not being sufficient, separately considered—as to constitute the threats such as are likely to create a just fear of death or great bodily harm?

"Under the provisions of our Code defining rape, we must answer these questions in the affirmative.

"When the force is considered, the threats, whether made prior to or at the time, can and should be looked to; for they so commingle with and inhere in the force as to be a part thereof. And just so with regard to the effect given to threats by the force.

"We are not required to go to common law principles for light upon this subject; for our Code, which is in strict accord with reason and common sense, expressly provides that in considering the sufficiency of the force, not only the relative strength of parties may be looked to, but the other circumstances of the case. And, in considering the sufficiency of the threats, the relative condition of the parties as to health, strength, and all other circumstances of the case, should be taken into consideration.

"The learned counsel for the defendant, relying upon the correctness of the proposition stated by him above, endeavored to make it practicable by so shaping the charge as to embrace the principles contained in his proposition, and by objecting to all evidence tending to show antecedent threats or force used at former times and places. We do not believe that the court, in its charge, should have confined the jury (in considering the sufficiency of the force) to the force used at the time, considered separate and independent of

former or accompanying threats, and so have treated the threats independently."

And so we believe in this case that in view of the testimony of Rosa Ellison, that there was some force used in addition to that of necessity implied in the very act of copulation. His acts in taking her by the hand and compelling her to abandon the path, forcing her to lie down, and holding her while he raised her dress, taken in connection with the threats used, which might reasonably induce submission, do raise the issue of force, and the court did not err in submitting this issue.

In this connection counsel complain and urge the proposition with much vigor and plausibility that the evidence is insufficient to sustain the conviction even on the charge of threats. We are not prepared to agree with this proposition. We can well imagine the terror under which a young girl 17 years of age might have labored when accosted in a place of this kind by an armed and desperate man. In the evidence there is no suggestion of any reason why an unjust charge of this kind should have been brought against appellant. Her identification, while in some respects contradicted on cross-examination, is positive. The fact of the forcible and unwilling intercourse is positively testified to. Immediate outcry was made, immediate complaint was made to her employer with such signs of distress as to lend strong support to her claim. The evidence is not fully satisfactory it must be conceded, and yet the jury who heard the evidence and were in possession of all the facts, has found adversely to appellant. This judgment has received the approval of the learned trial court, who had far better opportunities than we can have to determine the credibility of the witnesses, and under the rules governing this tribunal, we should feel ourselves absolutely without excuse, under all the circumstances, whatever might be our own view, to set aside the verdict.

There are many other questions raised on the trial, which we have considered, but they are not, we believe, of either importance or difficulty and we deem it unnecessary to discuss them.

Finding no error in the record the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied December 21, 1909.—Reporter.]