## HARRY HELMS v. THE STATE.

No. 18631.   Delivered December 2, 1936.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, and *H. J. Bernard,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rape; the punishment, confinement in the penitentiary for five years.

The testimony of the State was to the effect that appellant took Maxine Harrell, an eight-year-old child, to the city park in Houston, Texas, and had sexual intercourse with her. Again, the State's testimony was to the effect that Joydell Harrell and Marie Kent were with the parties at the time.

Appellant did not testify, but introduced witnesses whose testimony raised the issue of alibi.

It is recited in bill of exception No. 4 that the three children in question had testified that they lived in the same neighborhood where appellant lived and that they had been well acquainted with appellant prior to the date of the alleged offense. Further, it is recited that in his closing argument one of counsel for the State used language as follows: "All three of these children (Maxine Harrell, Joydell Harrell and Marie Kent) tell you that at the time of this offense, they were personally acquainted with the defendant and the fact of this acquaintanceship with the defendant has not been denied by any witness." Appellant objected to the argument on the ground that it constituted an allusion to appellant's failure to testify. We think the objection was well taken. Obviously, appellant was the only person who could deny that he was acquainted with said children. It follows that we are of opinion that the remarks of counsel can not be characterized other than as a comment upon the failure of appellant to testify. Precedents to the effect that a violation of Art. 710, C. C. P., inhibiting an allusion to or comment on the failure of the accused to testify require reversal of the judgment are numerous. See White et al. v. State, 78 S. W. (2d) 195, and authorities cited.

Appellant excepted to the charge on alibi on the ground that it assumed that an offense had been committed. The exception was well taken. However, we do not predicate a reversal upon this error.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.