### FRED WISENER V. THE STATE.

No. 19352.   Delivered February 23, 1938.

The opinion states the case.

*E. J. Conn,* of Lufkin, and *Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for fifteen years.

Prosecutrix, Maxine Wisener, is the daughter of appellant, and at the time of the alleged offense, was fourteen years of age. According to her testimony, appellant had sexual intercourse with her on the 5th of April, 1936, in a corn field not far from the family residence. Further, she testified that she and appellant were standing at the time appellant accomplished his purpose.

Appellant did not testify and introduced no defensive testimony.

The State's attorney before this Court confesses error as to two of the bills of exception relating to argument of counsel for the State. One statement of counsel in argument to the jury was as follows: "The testimony stands uncontradicted that the defendant is the author of the downfall of this little girl." We quote the other statement: "Maxine [prosecutrix] said he did do it, and to this good hour this statement has not been challenged." We agree with the State's attorney that said bills present reversible error. Article 710, C. C. P., reads as follows: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

The provisions of this article are mandatory. Only appellant could have denied that he had sexual relations with his daughter on the occasion in question. Hence it is clear that the remarks of counsel constituted a comment on the failure of the appellant to testify. See Opp v. State, 103 S. W. (2d) 748.

We think bills of exception 7 to 10, both inclusive, set forth testimony which was improperly admitted over appellant's objection. Most of the testimony revealed by said bills appears to have been hearsay.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.