M. A. KENNEDY V. THE STATE.

No. 21775. Delivered December 10, 1941.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Joe P. Hatchitt,* District Attorney, and *Cecil E. Burney,* Assistant District Attorney., both of Corpus Christi, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to commit rape. The punishment assessed is confinement in the State penitentiary for a term of four years.

Appellant's first contention is that the testimony is insufficient to justify and sustain his conviction. We are not in accord with his contention. The testimony adduced, briefly stated, shows that in November, 1940, appellant took Molly Fifer, a girl thirteen years of age, and Mary Lee Hill, a girl about eleven years of age, to the Livingston Courts in the City of Corpus Christi, and there spent the night with them. The two girls occupied one bed while appellant occupied another. Sometime during the night, appellant came to their bed, got on top of Molly and tried to have sexual intercourse with her, but she scratched and kicked so that he failed to accomplish his

purpose. However, during the struggle, he emitted some semen on her body which she wiped off. A doctor and a graduate nurse examined the child soon after the alleged assault. The doctor testified that she had not been penetrated by the organ of a male person but he found that she was "rubbed" and sore about the libia. The nurse testified that she examined the alleged injured female and found her private parts red, irritated and bruised.

Appellant did not testify or offer any affirmative defense. It is obvious that the evidence is sufficient to sustain the jury's conclusion of the appellant's guilt.

By several bills of exception, appellant complains of the action of the District Attorney and his assistant, while making their arguments to the jury, in referring to the failure of the appellant to testify. Each bill shows that the prosecutrix, her little friend, Mary Lee Hill, and the appellant were the only persons present at the scene of the alleged offense; that the prosecutrix and Mary Lee Hill both testified for the State and related the acts and conduct of the appellant in his attempt to commit the offense charged. Appellant did not testify. Consequently there was no other person present who could have denied or contradicted the testimony of the two State's main witnesses.

Bill of Exception No. 1 shows that the Assistant District Attorney, in his opening argument to the jury, made the following remarks:

"Is there one among you that questions that the presumption of innocence was not overcome by witnesses presented by the State. When that presumption of innocence is overcome by the State, then it becomes the Defense Attorney's duty to put on evidence to contradict that. The burden of proof changed onto the defense immediately on that showing. *Wherein, is the proof that would contradict the showing that has been made?"* (Italics ours).

Bill of Exception No. 2 shows that the District Attorney, in his closing argument, made the following remarks:

"Now, gentlemen, all you have to do is to believe in this case the evidence of these children (Molly Fifer and Mary Lee Hill) that he got on top of the child, *and there is not one breath of*

*testimony he didn't,* and he did the things she said, and that was assault with intent to rape." (Italics ours).

Bill of Exception No. 3 shows that the District Attorney in his closing argument to the jury, said:

" \* \* \* but what happened in the middle of the night, this little girl with the curly hair, the little frail thing testified. It looks like, gentlemen, her words would be enough to let you see what kind of a case this is. She said she woke up and was awake about twenty minutes. She does not tell you, gentlemen, and he does not ask what woke her up; no, he does not ask her, what woke her up in the middle of the night; he studiously avoids that; she said she was awake about thirty minutes; he does not ask her anything about what was going on and then she testified that Mr. Kennedy got on top of this frail Molly. Will you believe her? Well, I believe her. *I believe that little girl when there is not one word of testimony, not one word of testimony to deny what she says."* (Italics ours).

Article 710, C. C. P., provides as follows:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause; provided, that where there are two or more persons jointly charged or indicted, and a severance is had, the privilege of testifying shall be extended only to the party on trial."

After a most careful analysis of the bills, as disclosed by the record, we are constrained to hold that the same show a violation of the mandatory provision of the statute above quoted. The only inference to be drawn by the jury from the arguments complained of is that the same were reference to the failure of the appellant to testify. In support of what we have said, we refer to the following cases: Boles v. State, 105 Tex. Cr. R. 224; Traylor v. State, 111 Tex. Cr. 58; White v. State, 127 Tex. Cr. R. 547; Helms v. State, 131 Tex. Cr. R. 358; Wisener v. State, 134 Tex. Cr. R. 71; York v. State, 126 Tex. Cr. R. 659. Many other authorities might be cited in support of appellant's contention.

Bills of Exception Nos. 4 and 5 seem to be without merit and the same are overruled without a discussion thereof.

By Bill of Exception No. 6, appellant complains of the action of the trial court in declining to permit proof by Harry Rudolph, Deputy County Clerk of Nueces County, as to the complaint filed against appellant in said court on January 22, *1941*, which prior to the time the grand jury returned the indictment in this cause, and which complaint was made by Mrs. Edna Bemus, who, after being duly sworn on oath, deposes and says that she has reason to believe and does believe that "heretofore, to-wit, on or about the 9th day of November, A. D., 1940, M. A. Kennedy did then and there unlawfully in and upon Mollie Fifer commit an aggravated assault." We do not believe that the ruling of the court reflects reversible error. How could Mrs. Edna Bemus, who was not present at the time of the commission of the alleged offense, know what occurred and be binding upon the State? She merely swore that she had reason to believe and did believe that appellant did unlawfully in and upon Molly Fifer commit an aggravated assault, which clearly indicates that her belief was based on hearsay statements and therefore came within the rule of hearsay testimony. It did not shed any light upon either the guilt or innocence of the defendant. Furthermore, the record does not show that she testified upon the trial of the case.

Because of the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.