The offense is rape. The punishment assessed is confinement in the state penitentiary for a period of five years.
The indictment charged that appellant, by threats, force and fraud, had carnal knowledge of the alleged injured female.
His contention is that the evidence is insufficient to justify and sustain his conviction.
The record reflects that appellant had carried the injured girl to a dance on the night in question; that when they left the dance hall about 12:30, he suggested that they go to a certain place and get some *Page 862 
coffee and a lunch. They drove to several places but found them closed for the night. He then drove down the Victoria-Houston Highway at a rapid speed for a distance of about eight or ten miles, where he turned off on a side road and drove down it for some distance, where he stopped and sought to have sexual intercourse with her. When she refused to engage with him in such act, he threw her on the middle seat of his station wagon, and began to choke her and threatened to kill her; that he pulled her panties off, forced her down on the seat, and had carnal knowledge of her notwithstanding she remonstrated with him and tried to prevent him from accomplishing his purpose. However, she did not resist to the full capacity of her strength since she was afraid he would kill her or inflict serious bodily injury upon her. There is no question that appellant had a complete act of intercourse with her inasmuch as he admitted it, but claimed it was with her tacit and implied consent.
There is testimony in the record from a doctor, a nurse, and peace officers to the effect that they saw her soon after the alleged occurrence and that they noticed marks of violence on her throat.
The court, in his charge, submitted the case to the jury solely upon the law of threats and force as applicable to the facts.
While it may be true that her resistance, standing alone, was not such as would authorize his conviction for the offense of rape, nor would the threats alone be sufficient. Yet, when the threats are considered in connection with the force resorted to by him, it may be sufficient to constitute all that is required by law to bring the case within the definition of rape. Such has been the consistent holding of this court in the following cases: Sharp v. State, 15 Tex. App. 171[15 Tex.Crim. 171]; Cole v. State,57 Tex.Crim. 51, 123 S.W. 409, 136 Am.St.Rep. 973; Woods v. State, 83 Tex.Crim. R., 203 S.W. 54; Walker v. State, 144 Tex.Crim. 329, 333, 161 S.W.2d 1077, and cases there cited.
Appellant addressed two objections to the court's charge: the first was that the court's definition of rape by force is too restrictive in this, that it does not advise the jury that the assaulted party must have used her utmost resistance to have prevented the defendant from having carnal knowledge of her, considering the relative size and strength of the parties.
The court instructed the jury as follows: "Rape by force', as applicable to this case, means the carnal knowledge of a woman without her consent obtained by force. In this connection, you are instructed that to constitute rape by force the defendant, Vernon Finch, must have ravished Georgia Vahalik by having carnal knowledge of her without her consent and against her will by force, and the force used, if any, must have been such as might reasonably be supposed sufficient to overcome the resistance, if any, of the said Georgia Vahalik, taking into consideration the relative strength of the parties and other circumstances in the case,' etc.
We have examined the court's charge in the light of the objections addressed thereto and have reached the conclusion that the charge is not subject to the objections. The court instructed the jury as to what constituted rape by force and also rape by threats. See Bundren v. State, Tex.Cr.App., 211 S.W.2d 197.
The court, in paragraph 5 of the charge, among other things, instructed the jury as follows: 'It is not necessary that consent be in words; it may be shown by evidence of acts and conduct of the assaulted party.'
This is sufficient to meet appellant's second objection, and is in conformity with his special requested charge No. 1.
Appellant's special requested charge No. 2 was given to the jury by the court.
Appellant's special requested charges Nos. 3 and 4 are instructions on the law applicable to rape by force alone regardless of any threats to which he may have resorted. We do not think this to be a sound doctrine, and believe that it is contrary to the rule announced by this court in the cases above cited.
It appears from Bill of Exception No. 1 that the witnesses were placed under the rule except such as were officers in attendance *Page 863 
at court. Dr. Roy S. Lander, who was not in court when the witnesses were sworn and was not placed under the rule, came into the courtroom during the time appellant's witness, Wally Sheppard, was testifying and remained about twenty or thirty minutes. Later during the trial, Dr. Roy S. Lander was called as a witness by the State and testified to the good reputation of the injured party as a chaste and virtuous woman. Appellant objected to the testimony on the ground that he had been in the courtroom and heard the witness Sheppard testify. The court overruled the objection and he excepted. It occurs to us that whether or not the witness should have been permitted to testify rested within the sound discretion of the court, and unless it is made to appear that the court abused his discretion to the prejudice of appellant with respect thereto, no error is shown. The witness did not testify to any fact relating to the offense charged. He was merely a character witness. See Branch's Ann.P.C., p. 198, secs. 345 and 347; Cook v. State, 30 Tex. App. 607[30 Tex.Crim. 607],18 S.W. 412; Baldwin v. State, 39 Tex.Crim. R.,45 S.W. 714.
The testimony of the doctor, as well as that of others, as to the condition of the complaining witness after the occurrence, evidenced the fact that she was the recipient of force at some time during the alleged offense. That she was a virgin prior thereto seems to be shown; that her privates were torn and lacerated, evidencing force to have been applied thereto; that she had marks of violence upon her throat, thus negativing the proposition of consent to the act and the surrender of her virtue; that the hymen was ruptured; and there was an amount of blood in the vagina, as well as on her body and clothing as a result thereof. The testimony of appellant that she seemed experienced in such matters and willingly surrendered herself to him, was not credited by the jury, and we see no reason to question their conclusion relative thereto.
Appellant's next complaint relates to the court's action in overruling his motion for a new trial based on the following grounds: (1) that one of the jurors who sat in the case was a deputy sheriff and therefore disqualified; and (2) that the jury while in retirement, deliberating on their verdict, determined his guilt and his punishment by ballot instead of by a viva voce vote. The record reflects that when they voted on his guilt, all of the ballots showed that each juror voted guilty. They voted on his punishment in the same manner until all the ballots showed that each juror voted to assess his punishment at confinement in the state penitentiary for a period of five years. They then wrote their verdict accordingly and returned into court.
The first ground in his motion wherein he claimed the deputy sheriff was a disqualified juror is without merit. See Branch's Ann.Tex.P.C., p. 282, sec. 549. His second ground in his motion is equally untenable. This was not a verdict by lot. It was the free expression of each juror as reflected by his ballot.
No error appearing in the record, the judgment of the trial court is affirmed.
 On Appellant's Motion for a Rehearing.