**Roy E. HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42010.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Rehearing Denied June 11, 1969.

Maloney, Milner & McDowell, by Pat McDowell, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John Vance and Scott Bradley, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, 25 years.

The sufficiency of the evidence is challenged. Ground of error No. 1 complains that the evidence is insufficient to show lack of consent. Ground No. 2 complains

that the evidence is insufficient to show force and threats were used by appellant sufficient to overcome the will of the prosecutrix.

The count of the indictment on which the case was submitted to the jury alleged rape by force, threats and fraud. The charge of the court submitted rape by force and by threats and authorized the jury to convict if they found and believed from the evidence that appellant by force or by threats, or by a combination of such, without her consent, had carnal knowledge of the female named in the indictment.

Also, the court's charge instructed the jury to acquit if they found or had reasonable doubt that such intercourse was with the consent of the female, unless such consent was obtained by the use of threats, and to acquit the defendant if he had intercourse with said female with her consent not obtained through threats.

The state's version shown by the testimony of the prosecutrix was: Appellant stopped her in her car in the lot behind her apartment and got in, telling her that he needed a ride down the street to a paint store. When she reached the entrance to the Expressway and he had not gotten out, she requested him to do so. He took a knife or screwdriver from his pocket; threatened to hurt her if she didn't do what he said. She testified: "I said that I would do anything he wanted me to do but just don't hurt me." Appellant told her to follow his instructions and to drive on.

After driving for some time and turning on a dirt road, they came to an iron gate, which appellant appeared to be looking for.

In reply to her inquiry as to whether he was in trouble appellant had said that he was looking for a man.

When the prosecutrix stopped the car in the road at the iron gate and asked appellant to get out he, with a knife in his hand, instructed her to drive off the road and told

her that she would have to go half way with him "because he wouldn't be able to do what he planned to do if I went on because I would probably go to the police and they would get back and stop him before he completed what he wanted to do."

The prosecutrix crawled through the gate and followed appellant down a path in a "completely secluded and wooded area," for about a quarter of a mile.

As they approached a thicket, appellant with the knife in his hand "just wheeled around" and hit the prosecutrix in the stomach with his fist. She "screamed and buckled and fell." As she fell appellant grabbed her, put his hand over her mouth and announced that he was going to have intercourse.

The prosecutrix pleaded with appellant not to kill her and not to stab her. He told her that if she did everything he told her to he would not hurt her. He asked her if she would take off her clothes or if he would have to strip them from her. She said she would take them off.

Appellant undressed; said that what he was going to do would be good for her—was going to make a woman out of her, and he would show her what to do.

The prosecutrix testified that she was in fear of her life and serious bodily injury and was terribly afraid, and that though she did not consent she made no resistance, after she asked appellant not to kill her, to the act of oral sodomy and the sexual intercourse with appellant which followed.

Immediately after appellant got out of her car the prosecutrix went to the nearest telephone booth and reported what had been done to her. She was examined by a city doctor and the next day entered the hospital where surgery was performed, and remained there several days.

Appellant's testimony was that the prosecutrix consented to the sexual relations he

had with her and he admitted his participation in the crime of oral sodomy. He further testified that he left Dallas the same day, after calling his girl friend over the telephone and telling her that he was in trouble.

Appellant cites and relies upon Killingsworth v. State, 154 Tex.Cr.R. 223, 226 S.W.2d 456, and points out that the prosecutrix could have exited from the car or attempted to escape from appellant before reaching the scene of the intercourse.

The prosecutrix testified that there had been no mention of sex prior to the time appellant struck her in the stomach and announced what he was going to do to her.

■ While prosecutrix, before reaching the scene of the offense, failed to exhibit the courage, determination, resourcefulness or judgment that one would hope to find in a 24 year old virgin who had graduated from college, we are unable to agree that the evidence is not sufficient to sustain the jury's verdict.

■ The rule applicable under the evidence and the court's charge is that although resistance of the female standing alone, or threats of the defendant standing alone, would be insufficient to support a conviction for rape, threats may be considered in connection with force resorted to so as to bring the case within the definition of rape. Finch v. State, 154 Tex.Cr.R. 158, 225 S.W.2d 861; Vanderpool v. State, 155 Tex.Cr.R. 318, 234 S.W.2d 879; Broadway v. State, Tex.Cr.App., 418 S.W.2d 679.

Grounds of error Nos. 1 and 2 are overruled.

The remaining ground of error presents the contention that appellant was not afforded competent counsel at his trial.

The contention is predicated upon appellant's expressed belief "that a reading of the record, and examination of the Court's charge will reveal that his court-appointed attorney failed to do and perform acts which would have benefitted Appellant in the trial, and to make objections to the procedure and to the Court's charge, and failed to produce evidence in favor of Appellant which would have resulted in a different verdict."

 Assuming that such belief, if true, would be sufficient to show the denial of a constitutional right to competent representation by counsel at his trial, our reading of the record does not lead us to the conclusion that the belief is well founded.

The judgment is affirmed.