William Horace **GORMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44790.

Court of Criminal Appeals of Texas.

April 5, 1972.

Rehearing Denied June 7, 1972.

Crouch & Pringle by John Whiteside, Fort Worth, for appellant.

Ward P. Casey, County Atty., Waxahachie, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, seventy (70) years.

Appellant claims that the evidence is insufficient to support his conviction. He contends that the evidence fails to show a lack of consent and that the record shows, as a matter of law, that the prosecutrix offered no resistance.

The prosecutrix testified that Olin Fowler approached her car and told her that he had a knife and that appellant was nearby with a gun and would kill her if she did not move over and let him drive. She further testified that she lay down, pursuant to Fowler's instructions, while he drove her to a spot out of town where Fowler blindfolded her with a shirt from appellant who had followed them in another car. She said at that point, as they tried to transfer her blindfolded, from her car to the other one, she pulled off the blindfold and attempted to resist getting into the other car by pushing her foot against it but that she was forced into the back seat by Fowler, held down by appellant, and driven to an isolated area where appellant told her to remove her clothes and repeated his order when she refused. She testified she had never met either of the men before and that she allowed appellant and Fowler to have sexual intercourse with her only because she was in fear of her life or serious bodily harm. Afterward, they all returned to the prosecutrix' car and Fowler then drove the prosecutrix back to town in her car while the appellant drove back in the other one. As Fowler and the prosecutrix reached town they were stopped by police for a traffic violation. Officer George Bounds testified that while another officer spoke to Fowler, the prosecutrix left the car, came over to him and told him she had been threatened with a knife and raped by Fowler and another man. Fowler was arrested and searched. No knife was found on his person or in the car. The appellant was arrested three (3) days later.

Dr. David Williams testified that his medical examination of the prosecutrix that night revealed she had recently had sexual intercourse.

State's Exhibit One, the blouse which the prosecutrix wore on the night in question, revealed a small puncture in the fabric at the point where the prosecutrix testified Fowler held the knife to her. State's Exhibit Two, appellant's confession, corroborates the prosecutrix' testimony concerning Fowler approaching her car, the use of the blindfold, her removal of the blindfold, the fact that she "put up a struggle" before getting into the second car and the acts of intercourse which followed. The confession was admitted following a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, hearing.

■ The jury was charged on rape by force and threats. When both force and threats are alleged and there is evidence of each, it is not necessary that either the force or the threats alone measure up to the statutory definition. 4 Branch's 2d Ann.P.C., Sec. 1956. Finch v. State, 154 Tex.Cr.R. 158, 225 S.W.2d 861; Walker v. State, 144 Tex.Cr.R. 329, 161 S.W.2d 1077. The jury may consider the cogency that the threats may have contributed to the force and the intensifying influence that the force may have had on the threats. Brooks v. State, Tex.Cr.App., 466 S.W.2d 789. McNairy v. State, Tex.Cr.App., 473 S.W.2d 209; Whitaker v. State, Tex.Cr. App., 467 S.W.2d 264; Broadway v. State, Tex.Cr.App., 418 S.W.2d 679.

■ We are further inclined to agree with Judge Douglas' comment in Whitaker v. State, Tex.Cr.App., 467 S.W.2d 264, that it is difficult to imagine just how much resistance a woman is required to exhibit

when faced with the possibility of death or bodily harm. Fowler threatened the prosecutrix with what he described as a knife and told her that the appellant had a gun and would kill her if she did not cooperate. Certainly, these threats together with the use of force to get her into the second car are sufficient to meet the requisites of the statute.

Appellant's claim that the facts of this case are in close harmony with Killingsworth v. State, 154 Tex.Cr.R. 223, 226 S.W. 2d 456, where the court reversed a conviction for rape because the injured party failed to resist her attacker, is without merit. In Killingsworth, supra, the jury was charged on rape by force only; whereas, in the case at bar, the jury was charged on force and threats.

Appellant also claims that a statement in his confession that the prosecutrix put her arms around him indicates consent and constitutes an exculpatory statement. The record reflects that appellant did not request a charge on exculpatory statements nor did he cross-examine the prosecutrix on this point, if it be one.

Appellant's first ground of error is overruled.

■■ Appellant's second ground of error is that the court erred in not granting his motion for mistrial based on the fact that the State commented on the defendant's failure to testify in its opening and closing argument.

The opening remark in question is the statement:

"The testimony we have brought you today is credible. Nobody has refuted it."

The closing remark is:

"And as Mr. Knize says, the only evidence you have has been brought to you by the State."

At the outset it should be observed that appellant's objection to each of these remarks was sustained and the jury instructed to disregard them.

A statement that certain evidence is uncontroverted is not a comment upon appellant's failure to testify where the record indicates a person other than the defendant could have offered contradictory testimony. Manning v. State, Tex.Cr.App., 393 S.W.2d 910; Glass v. State, Tex.Cr.App., 411 S. W.2d 728. Fowler, appellant's companion, could have testified concerning the prosecutrix' acquiescence and, therefore, the prosecutor's remarks, though questionable, were not improper.[1]

Wisener v. State, 134 Tex.Cr.R. 71, 114 S.W.2d 243, and Kennedy v. State, 143 Tex.Cr.R. 23, 156 S.W.2d 529, relied upon by the appellant are not applicable in the case at bar.

Appellant's second ground of error is overruled.

■ Appellant's final ground of error is that the court erred in failing to grant his motion for a mistrial when the State's attorney made a personal attack on his counsel during the punishment phase argument.

The remark in question is:

"Don't let him smoke-screen you, he has smoke-screened you enough."

We are inclined to agree with the State's contention that this remark was not a personal attack, but rather made in answer to counsel's argument which attempted to

---

1. Citing "Article 82 of the Penal Code of the State of Texas [Vernon's Ann.]" and the "Hon. Judge Onion's Special Commentary to Article 38.08 of the present Code of Criminal Procedure, [Vernon's Ann.]" counsel suggests that appellant "could not call the co-principal, Fowler."

Had counsel checked the Penal Code, he would have discovered Article 82 was repealed in 1967, two years after the code and commentary were published. See Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019.

minimize the scope and extent of appellant's prior criminal record. Parker v. State, Tex.Cr.App., 457 S.W.2d 638; McGowan v. State, 159 Tex.Cr.R. 10, 259 S. W.2d 218.

Appellant's third ground of error is overruled.

The judgment is affirmed.