

# NUMBER 13-19-00318-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PEDRO ENRIQUE BARZOLA GARCIA,**                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                **Appellee.**

---

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Pedro Enrique Barzola Garcia was convicted of: one count of continuous sexual abuse of a young child, a first-degree felony (count one); two counts of aggravated sexual assault of a child, first-degree felonies (counts two and three); one count of indecency with a child by contact, a second-degree felony (count four); and one count of indecency with a child by exposure, a third-degree felony (count five). *See* TEX. PENAL

CODE ANN. §§ 21.02, 21.11(D), 22.021(A)(2)(B). Garcia received concurrent sentences of thirty-two years' confinement for the continuous sexual abuse of a child offense, five years' confinement for each of the aggravated sexual assault of a child offenses, seven years' confinement for the indecency with a child by contact offense. The trial court followed the jury's recommendation and suspended Garcia's five-year sentence for indecency with a child by exposure and sentenced him to ten years' community supervision.

By three issues, Garcia contends that a double jeopardy violation occurred, the trial court allowed improper jury argument, and there was charge error. Because in this case, as the State concedes, there is a double jeopardy violation as further explained below, we reverse Garcia's convictions for aggravated sexual assault of a child as charged in counts two and three, we render a judgment of acquittal on those two counts, and we affirm the judgment in all other respects for counts one, four, and five.

## I. BACKGROUND

A grand jury indicted Garcia for the following: (1) committing two or more acts of sexual abuse against A.R.,[1] a child younger than fourteen years of age, "namely, aggravated sexual assault of a child and indecency with a Child by contact" during a period that was thirty or more days in duration, "to-wit: from on or about 1st day of December, 2016 through on or about 15th day of March, 2018," (count one); (2) intentionally or knowingly causing his finger to penetrate A.R.'s sexual organ when she

---

[1] To protect the minor complainant's identity in this case, we will use aliases as necessary. *See* TEX. R. APP. P. 9.8.

2

was under fourteen years' of age on or about March 15, 2018 (count two); (3) intentionally or knowingly causing his mouth to contact A.R.'s sexual organ when she was younger than fourteen on or about March 15, 2017 (count three); (4) engaging in sexual contact with A.R. with the intent to arouse or gratify his sexual desire by touching her breast when she was younger than seventeen years' of age on or about February 1, 2018 (count four); and (5) exposing his genitals with the intent to arouse or gratify his sexual desire knowing that A.R., a child younger than seventeen, was present (count five). Garcia pleaded "not guilty" to all counts. A jury trial was held.

At trial, A.R., a thirteen-year old child, testified that Garcia is her stepfather, and he has been a part of the family since she was in second grade. A.R. stated that she had been sexually abused by Garcia almost every night starting when she was ten years old. A.R. recalled that Garcia first abused her on a hot August night when she slept with Garcia and her mother. According to A.R., Garcia hugged her and then touched her vaginal area with his hands over her underwear and under her pajama pants. A.R. explained that she was only ten years old when the first incident happened, and she never told her mother because she was scared and did not understand what Garcia had done to her. A.R. recalled that the abuse continued every night after this first incident. A.R. testified that she specifically remembered that on another occasion, Garcia unbuckled her bra and put his hands in her shirt and rubbed her breasts. A.R. stated that Garcia would take off her pants, put his head in her vagina, stick his tongue in her vagina, and it would feel "ticklish." A.R. said this occurred frequently. A.R. felt threatened by Garcia because he would tell her that she was his and "only his." A.R. testified that Garcia made her believe that without

3

him, her family was "nothing" because he worked and took care of her and her siblings. A.R. said she was very scared to tell anyone what Garcia was doing to her and what would happen to the family if she told someone. The State asked A.R. if she ever saw Garcia's penis, and she replied,

> Now it's called boner. He would pull his shorts down. And the first time was when my mom was taking a shower and he was—they would both sleep downstairs. He was just there, and I was there too, laying next to him, and he just showed me. He just showed me. And I was surprised—I wasn't surprised. I was like—I don't know. And that was the first time.

A.R. testified that on multiple occasions, Garcia would place her hand on his penis, which was hard. A.R. stated that Garcia showed her "porn" movies on multiple occasions, and Garcia would masturbate in front of her. According to A.R., the abuse ended when she was twelve years old after she told a friend what Garcia was doing to her. The friend then reported the abuse to A.R.'s mother. A.R. stated that her mother asked her about the abuse, and when she verified it had occurred, her mother took her to the police station.

The jury found Garcia guilty of all counts. This appeal followed.

## II. DOUBLE JEOPARDY

In his first issue, Garcia contends that counts one, two, and three violate the constitutional prohibition against double jeopardy. Specifically, Garcia argues that counts two and three (aggravated sexual assault of a child under fourteen) are lesser included offenses of count one (continuous sexual assault of a child) because counts two and three allege predicate offenses used to convict him of continuous sexual abuse of a child. Thus, Garcia requests that we vacate his convictions of aggravated sexual assault as charged in counts two and three. The State concedes that there was a double jeopardy violation

4

because counts two and three served as predicate offenses to convict Garcia of continuous sexual abuse. The State agrees that we should vacate Garcia's convictions of aggravated sexual assault of a child under fourteen as charged in counts two and three.

## A.    Applicable Law

The Double Jeopardy Clause of the United States Constitution protects against multiple punishments for the same offense. *See* U.S. CONST. amend. V; *Brown v. Ohio*, 432 U.S. 161, 164 (1977); *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). In order to prevail on a double jeopardy claim, the record must demonstrate that the offenses at issue necessarily arose from "one act which could be subject to two different interpretations." *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). "Even when two acts are committed in close temporal proximity, the acts still may be separate and distinct for double jeopardy purposes." *Gonzalez Soto v. State*, 267 S.W.3d 327, 343 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.).

A person commits the offense of continuous sexual abuse of a child if "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse" and "the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b)(2). Under § 22.021 of the Texas Penal Code, a person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means, or causes the sexual organ of a child to contact or penetrate the sexual organ of another person, including himself. See *id.* § 22.021(a)(1)(B)(i), (a)(1)(B)(iii). Section 21.02 lists predicate offenses which constitute "acts of sexual abuse" under the statute, including aggravated

5

sexual assault of a child. *Id.* § 21.02(c)(4). The statute further states,

> A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):
>
> (1) is charged in the alternative;
>
> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>
> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

TEX. PENAL CODE ANN. § 21.02(e).

The Texas Court of Criminal Appeals has explained that "the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time against a single complainant, even if the jury lacks unanimity as to each of the particular sexual acts or their time of occurrence, so long as the jury members agree that at least two acts occurred during a period that is thirty or more days in duration." *Price v. State*, 434 S.W.3d 601, 605–06 (Tex. Crim. App. 2014). "The 'acts of sexual abuse' are specifically enumerated and are lesser-included offenses of the offense of continuous sexual abuse." *Id.* Thus, an offense listed under Subsection (c) of the continuous sexual assault statute, such as aggravated sexual assault of a child, will always be a lesser offense of continuous sexual abuse. *Id.* (citing *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011)). The Texas Court of Criminal Appeals stated that "the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time."

6

*Id.* (citing TEX. PENAL CODE ANN. § 21.02(e)). Thus, "[a] defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed." *Id.*

Here, as conceded to by the State, Garcia was convicted of two counts of aggravated sexual of a child occurring during the same period of time in the which the continuous sexual abuse of the same child was committed, and those aggravated sexual assault of a child charges served as the predicate offenses for the continuous sexual abuse of a child offense. Therefore, we agree with Garcia and the State that the aggravated assault of a child convictions as charged in counts two and three violate the double jeopardy clause in this case. In general, "[w]hen a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). "[T]he most serious offense was the offense in which the greatest sentence was assessed." *Id.* at 373 (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)). Garcia received a thirty-two-year sentence for the continuous sexual abuse of a child conviction and a five-year sentence for each aggravated sexual assault of a child convictions. Accordingly, we sustain Garcia's first issue, and therefore, we must vacate the aggravated sexual assault of a child convictions as charged in counts two and three.

### III. THE STATE'S CLOSING ARGUMENT

By his second issue, Garcia contends that during the prosecutor's closing argument, the trial court improperly overruled his objection to the following statement:

> I want to spend some time talking about the different defensive theories or defense theories that have been thrown out there, okay, and, you know, sometimes what defense attorneys or a defendant—I'm sorry—they want to do is just let me just throw it up there. Let me throw out as many things as I can get out there and hopefully—

Specifically, Garcia argues that the trial court should have sustained his objection that this statement struck him over the shoulders of his defense counsel.

### A. Standard of Review & Applicable Law

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *Whitney v. State*, 396 S.W.3d 696, 705 (Tex. App.—Fort Worth 2013, pet. ref'd). Proper argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to opposing counsel's argument, and (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011). Argument that strikes at a defendant over the shoulders of counsel is improper. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). We consider the objected-to argument in light of the entire record to decide whether a party's argument falls into one of these categories. *Magana v. State*, 177 S.W.3d 670, 674 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

**B. Discussion**

In *Mosley v. State*, the Texas Court of Criminal Appeals analyzed whether it was erroneous for the trial court to overrule an objection to the prosecutor's argument that indicated that "the defense attorneys would attempt to use argument to divert the jury's attention or obscure the issues." 983 S.W.2d at 258. Specifically, in *Mosley*, the defendant objected to the following comment by the prosecutor:

> There is only one route to the truth. It is by traveling on the main road. That will take you to your proper destination. But you must stay on the main road. The defense has attempted to get you off the main road, to divert you. They don't want you to stay on the main road because they know where that will take you.

*Id.* The *Mosley* court stated, "We have indicated in the past that such mild comments may not be erroneous, so long as they can be interpreted as an attack on arguments made by the defense counsel."[2] *Id.* at 258–59. The *Mosley* court noted that it had previously determined that a trial court did not improperly overrule an objection to a prosecutor's similar comment: "Don't let him smoke-screen you, he has smoke-screened you enough." *Id.* at 259 (citing *Gorman v. State*, 480 S.W.2d 188, 190 (Tex. Crim. App. 1972)). In *Gorman v. State*, the Texas Court of Criminal Appeals agreed with the State that the prosecutor's comment was not a personal attack, "but rather made in answer to [defense] counsel's argument which attempted to minimize the scope and extent of appellant's prior criminal record." 480 S.W.2d at 190–91. The *Mosley* court clarified that "a prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the

---

[2] The *Mosley* court assumed without deciding that the trial court committed error by overruling the defendant's objection because the court believed the comments made by the prosecutor "suggested that counsel wanted to divert the jury from the truth." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

9

argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." 983 S.W.2d at 259. Thus, improper remarks directed at defense counsel himself are improper while remarks which attack or disparage counsel's argument or theory of defense are proper. *Id.*; *see also Matamoros v. State*, No. 13-13-00692-CR, 2015 WL 6759331, at *21 (Tex. App.—Corpus Christi–Edinburg Nov. 5, 2015, pet. ref'd) (mem. op., not designated for publication) (citing *Coble v. State*, 871 S.W.2d 192, 203–05 (Tex. Crim. App. 1993) (en banc); *Gorman*, 480 S.W.2d at 190; *Cueva v. State*, 339 S.W.3d 839, 882–83 (Tex. App.—Corpus Christi–Edinburg 2011, pet. ref'd)). In *Cueva v. State*, this Court determined that the prosecutor's argument that "a standard tactic of defense attorneys, when your victim has done something indefensible, [is to] put the victim on trial" was proper because the prosecutor merely "attacked the defense tactic and not the defense attorney himself." 339 S.W.3d at 882–83.

In this case, the prosecutor stated she wanted to talk "about the different defensive theories or defense theories that have been thrown out there" and claimed that "sometimes what defense attorneys or a defendant . . . they want to do is just . . . throw it up there. Let me throw out as many things as I can get out there . . . ." In other words, the prosecutor observed that a common defensive theory is to present as many arguments against the prosecution as possible in hopes that the jury relies on one of those arguments. Thus, the prosecutor did not attack Garcia's defense counsel personally or impugn defense counsel's character. In addition, as previously stated, the *Mosley* court believed that the prosecutor's comments "suggested that [the defense] counsel wanted

10

to divert the jury from the truth." 983 S.W.2d at 259. However, the prosecutor's comments here did not cast aspersion on Garcia's defense counsel's veracity or suggest that Garcia's defense counsel wanted to divert the jury from the truth. The comment merely criticized defense counsel's strategy of "throw[ing] out as many [defensive theories] as [defense counsel] can get out there." *See id.* Accordingly, the trial court did not abuse its discretion in overruling Garcia's objection. We overrule his second issue.

## IV. CHARGE ERROR

By his third issue, Garcia contends that there was error in the jury charge warranting reversal. Specifically, Garcia contends that the jury charge did not state that the jury had to unanimously find that he committed indecency with a child by exposure as charged in count five. Garcia argues that A.R. testified that he showed his penis to A.R. on multiple but separate occasions.[3] Thus, Garcia argues some of the jurors could have found that he committed the offense on one occasion while other jurors could have found he committed the offense on a different occasion. The State concedes that there is error in the jury charge under *Cosio v. State* because "evidence of more than a single episode [was presented to the jury] which would support [a] conviction under this count" and "only a 'boilerplate' unanimity instruction" was provided which "did not instruct the jury that, when evidence of multiple such episodes was admitted, their verdict must be unanimous

---

[3] Specifically, Garcia argues as follows:

Here, the complainant said that [he] showed her his penis while they were on the bed and her mother was in the shower; that [he] would grab her hand and put it on his penis; that his penis was hard; that [he] would show her porn; that this would happen on the couch; that when he watched the videos, [he] would put his hand on his penis over his shorts or outside of his shorts in front of her.

11

as to which alleged event was proved beyond a reasonable doubt." 353 S.W.3d 766, 772 (Tex. Crim. App. 2011).

Accordingly, we will assume without deciding that the charge was erroneous, and because Garcia did not object to the jury charge, we will conduct an egregious harm analysis. *See id.* (explaining that "non-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions" with "[e]ach of the multiple incidents individually establish[ing] a different offense or unit of prosecution" and the charge does not "instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented"); *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

## A.    Standard of Review

In conducting our harm analysis, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see Garrett v. State*, 159 S.W.3d 717, 719–21 (Tex. App.—Fort Worth 2005), *aff'd*, 220 S.W.3d 926 (Tex. Crim. App. 2007). Egregious harm occurs if the error affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (plurality opinion).

## B.    Discussion

As in *Cosio*, here the charge "permitted [a] non-unanimous verdict[] based on the

12

evidence presented in the case" and "nothing in the charge[] [itself] militates against this conclusion." 353 S.W.3d at 777.

Next, again as in *Cosio*, here "neither of the parties nor the trial judge added to the charge errors by telling the jury that it did not have to be unanimous about the specific instance of criminal conduct in rendering its verdict[]." *See id.* Thus, "this factor therefore does not weigh in favor of finding egregious harm." *See id.*

Similarly, as in *Cosio*, A.R.'s testimony detailed each of the multiple incidents wherein Garcia committed various acts of sexual abuse, and the various separate instances of criminal conduct involved in each incident. A.R.'s testimony was not impeached. *See id.* And, as in *Cosio*, Garcia's defense was a denial of committing any of the offenses and that there was reasonable doubt as to each of the multiple incidents as described by A.R. *See id.* Thus, Garcia's defense mimicked the defense in *Cosio* that "was essentially of the same character and strength across the board." *See id.* And here, as in *Cosio*, "[t]he jury was not persuaded that he did not commit the offenses or that there was any reasonable doubt." *See id.*

The jury believed A.R.'s testimony and convicted Garcia of all counts. And if the jury had believed otherwise, it would have acquitted Garcia on all counts. *See id.* at 777–78. Therefore, on this record, which is similar to the record in *Cosio*, it is logical to suppose as the *Cosio* court did that the jury unanimously agreed that Garcia committed all the separate instances of criminal conduct during each of the incidents as described by A.R. *See id.* at 778. It is thus highly likely that the jury's verdict of guilty on count five was in fact, unanimous. *See id.* Accordingly, actual harm has not been shown, and we cannot

13

say that Garcia was denied a fair and impartial trial. *See id.* We overrule Garcia's third issue.

## IV.   CONCLUSION

We reverse Garcia's convictions for aggravated sexual assault of a child as charged in counts two and three, and we render a judgment of acquittal on those two counts. We affirm the judgment in all other respects.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
30th day of December, 2020.