**Opinion filed April 23, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00136-CR

_____

**ANDREW GARZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 15306**

## M E M O R A N D U M   O P I N I O N

The jury convicted Andrew Garza of aggravated assault against a public servant and assessed his punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of sixty years and a fine of $10,000. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(B) (West 2019); § 22.01(a)(2) (West Supp. 2020). In a single issue on appeal, Appellant asserts that

the trial court abused its discretion when it overruled his objections to the prosecutor's closing arguments. Specifically, Appellant contends that the State impermissibly struck at Appellant over the shoulders of counsel during closing arguments. We affirm.

*Factual and Procedural History*

On February 8, 2018, Officer Blake Grantham of the Big Spring Police Department responded to a call from a concerned citizen about suspicious activity in his neighborhood. Charles Ervin Collett, the concerned citizen, noticed an individual in a red hoodie and black jacket, later identified as Appellant, walking in the neighborhood. Collett called 9-1-1 to report Appellant when he heard the sound of breaking glass and loud banging.

When Officer Grantham arrived on the scene, he contacted Collett, and once Appellant was located, he pursued Appellant on foot. During the chase, Appellant dropped a suitcase in an alley, cut through some brush, and jumped a wire fence. Officer Grantham testified that, when he closed the distance to around thirty feet, Appellant produced a firearm and pointed it over his shoulder at Officer Grantham. When confronted with a firearm, Officer Grantham drew his weapon and fired five rounds at Appellant, striking him. Officer Grantham then kicked Appellant's firearm out of reach of Appellant. Other officers quickly arrived on the scene to assist Officer Grantham and render aid to Appellant.

The events that transpired were not recorded on video. However, the State presented the jury with audio from Officer Grantham's recorder. The State also offered eyewitness testimony from two other neighbors. Canessa Youngquist testified that she saw a man in a red jacket fleeing from law enforcement with his hand in his right pocket with the "butt of [a] gun" showing. Jonathon Youngquist, Canessa's husband, testified that, during the chase, he saw Appellant reach inside

2

his pocket to try to pull out something, like "the butt of [a] gun." He further testified that he saw Appellant "glance[] back" and turn partially around before he heard gunshots and retreated into his home.

During closing arguments, defense counsel emphasized discrepancies between the eyewitness accounts. Defense counsel also challenged the State's case based on the failure to conduct fingerprint analysis or ballistics on the involved firearms. In response, the prosecutor attacked defense counsel's theory of the case. Appellant objected on the grounds that the prosecutor exceeded the scope of proper jury argument because his argument struck at Appellant over the shoulders of counsel.

*Analysis*

We review a trial court's ruling on an objection to an improper jury argument for abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). Proper jury argument "falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement." *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011).

Arguments that "strike[ ] at a defendant over the shoulders of defense counsel" are improper. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). "Although it is impossible to articulate a precise rule regarding these kinds of argument[s], it is fair to say that a prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." *Brown v. State*, 270 S.W.3d 564, 572 (Tex. Crim. App. 2008)

3

(alteration in original) (quoting *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). However, arguments directed at defense counsel's arguments and theories in the case are not improper. *Garcia*, 126 S.W.3d at 925.

Appellant contends that the State impermissibly struck at him over the shoulders of defense counsel by suggesting that defense counsel did not believe the arguments that defense counsel advanced. We disagree.

Appellant complains about the following arguments to the jury during the prosecutor's closing arguments:

- [Defense counsel's] arguments are best summed up like this: You've all had spaghetti. Everybody has. Pick up a handful of the spaghetti and throw it against the wall. See what sticks. But it's not spaghetti. It's rabbit trails and red herrings.

- Did you ever hear anybody, other than [defense counsel], say he was shot in the back?

- [Defense counsel's] beliefs don't mean anything. . . . The only person -- the only person who said he got shot in the back is [defense counsel].

- You know, if you were to actually believe what -- . . . What [defense counsel] said in closing arguments, do you believe everything he thinks he did? . . . If you believe everything that [defense counsel] told you in closing arguments, Officer Grantham showed up at the corner of 10th and -- 10th and Nolan, and saw a guy standing there and shot him. That's -- that's the only thing consistent with what he had to say.

- [Defense counsel is] disparaging everything. And by disparaging everything, by trying to pick everything with some little ticky-tacky thing, [defense counsel] disparages nothing. He's taken a handful of ticky-tacky things, a handful of rabbit trails, a handful of red herrings, a handful of distraction, and throwing it against the wall to see what sticks. And he wants to

catch one of you.  He only needs one.  He wants to catch one of you with all of that.

We first examine the fourth argument set out above, specifically these words: "[D]o you believe everything he thinks he did?"  Appellant contends that these words were an argument by the prosecutor that defense counsel did not believe what he was arguing to the jury.  In response, the State contends that the prosecutor was arguing: "[D]o you believe everything [defense counsel] thinks [Officer Grantham] did?"  The State asserts that the prosecutor was arguing that, if the jury believed defense counsel's argument, then Officer Grantham "simply arrived on scene and shot Appellant for no reason."  From the context of the fourth argument, we agree with the State's reading of the prosecutor's argument.  Accordingly, we disagree with Appellant's contention that the prosecutor argued that defense counsel did not believe what he was arguing to the jury.

When taken in the context of the record, the prosecutor's closing arguments were permissible because they were in response to the closing arguments made by defense counsel.  *See id.*  Although the comments referred to defense counsel by name, the comments were not a personal attack and do not involve accusations of bad faith or manufactured evidence.  Instead, the prosecutor's arguments challenged defense counsel's attempt to discredit the eyewitness testimony.  The State's comments about "spaghetti," "red herrings," and "rabbit trails" are akin to those found to be permissible in *Gorman v. State*, where the prosecutor argued: "Don't let him smoke-screen you, he has smoke-screened you enough."  480 S.W.2d 188, 190–91 (Tex. Crim. App. 1972).  That argument was permissible because it was in response to an argument made by counsel, rather than an attack on counsel's character.  *Id.*

The trial court did not abuse its discretion in overruling Appellant's objections to the prosecutor's closing arguments.  We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


April 23, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.